UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANNIE SONG, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Annie Song ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following against Costco Wholesale Corporation ("Costco" or "Defendant") based upon personal knowledge with respect to herself and on information and belief derived from, among other things, investigation by her counsel, as to all other matters:

### NATURE OF THE ACTION

1. This is a proposed class action seeking monetary damages and injunctive relief from Defendant Costco Wholesale Corporation ("Costco" or "Defendant"), arising from its fraudulent and material omissions regarding its deceptive mark-up of products sold online at Costco.com.

CLASS ACTION COMPLAINT - 1

2. On its website, Costco explicitly promises consumers it will disclose whenever a product is more expensive online than the same product offered for sale in-store by stating that the "[i]tem may be available in your local warehouse for a lower, non-delivered price."

3. Despite its express representation, Costco routinely omits this material message and fails to disclose to consumers in those instances that they will be paying more for a product sold on Costco.com than if they had purchased the same exact product in-store at their local Costco Warehouse.

4. Costco's failure to uphold its promise to consumers by fraudulently omitting its online product mark-up scheme is material to consumers' purchasing decisions, deceives consumers into making online purchases for delivery that they otherwise would not make, and has caused them to suffer monetary injury by paying more for items than they otherwise would have had they purchased those same items in-store.

5. By failing to disclose the truth to consumers about its online product mark-up practices and the substantial price differential between identical items sold online and in-store, Costco deceives consumers and gains an unfair upper hand on competitors that fairly disclose their true pricing practices online.

6. Plaintiff brings her claims individually and on behalf of all similarly situated consumers nationwide who have been misled by Costco's material omissions and seeks monetary damages and an injunction to require Defendant to disclose the truth to consumers about its online product mark-ups as promised on its website.

**PARTIES**

7. Plaintiff is a citizen and resident of Connecticut. Plaintiff has at all relevant times held a Costco membership and made purchases from her local Costco warehouse located at 779 Connecticut Ave, Norwalk, CT 06854 and online at Costco.com during the class period.

8. Defendant Costco Wholesale Corporation is a corporation organized and existing under the laws of the State of Washington with its principal place of business located at 999 Lake Drive, Issaquah, Washington 98027.

CLASS ACTION COMPLAINT - 2

## JURISDICTION AND VENUE

9. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with diversity between at least one class member (including Plaintiff) and Defendant and the aggregate amount of damages exceeds $5,000,000. This action therefore falls within the original jurisdiction of the federal courts pursuant to the Class Action Fairness Act, 28 U.S.C § 1332(d).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Costco's principal place of business is in this District.

## COMMON FACTUAL ALLEGATIONS

**A. Costco Fails to Disclose When Items Sold on Online are More Expensive than the Same Items Sold In-Store at a Costco Warehouse Despite its Explicit Promise to Inform Consumers of this Material Price Differential**

11. Defendant promises on its website that it will disclose to consumers whenever an online product sold on Costco.com is more expensive the same item sold in-store at a Costco warehouse location.

12. Such representation is made on the Customer Service Home Page on the Costco Wholesale website. Defendant specifically states:

**Are warehouse and online prices the same?**
As you may already know, not all products sold on Costco.com are available at your local Costco warehouse. Also, products sold online may have different pricing than the same products sold at your local Costco warehouse. That's due to the shipping and handling fees charged for delivery to your home or business. And when an item is available both online and in the warehouse, you'll see the message, "Item may be available in your local warehouse for a lower, non-delivered price," on its product page on Costco.com.[1]

13. Indeed, Costco's statement indicates that in all instances when an item is available both online and in stores, that it will necessarily include its pricing disclosure.

---

[1] *See Are warehouse and online prices the same?*, Coscto.com, https://customerservice.costco.com/app/answers/answer_view/a_id/691/~/are-warehouse-and-online-prices-the-same%3F (last accessed on June 12, 2024).

CLASS ACTION COMPLAINT - 3

14.     But Defendant did not follow through with its promise and instead, routinely failed to disclose this material notification on its website and mobile app.

**B.     Plaintiff's Experience**

15.     On January 21, 2024, Plaintiff placed an order for 2-day delivery on Costco.com for various personal items in the total amount of $145.52.

16.     At all relevant times, Defendant represented on the Costco website that it would include a message whenever an online product was more expensive than the same in-store item by stating the "[i]tem may be available in your local warehouse for a lower, non-delivered price."

17.     None of the products Plaintiff purchased in her order included the disclosure that any of the items might be available at her Costco store at a lower price.

18.     Upon information and belief, several of the products Plaintiff purchased on Costco.com for delivery were actually more expensive than if she had purchased the exact same items in-store.

19.     For example, Plaintiff purchased a 30-Roll Count of Charmin Ultra Soft Bath Tissue for $33.49. At no point during her transaction on Costco.com did Defendant disclose that this toilet paper might be available in-store at a cheaper price.

20.     However, the exact same 30-Roll Count of Charmin Ultra Soft Bath Tissue that Plaintiff purchased online cost only $29.99 at the Costco warehouse located at 779 Connecticut Ave, Norwalk, CT 06854.

21.     Plaintiff would not have made the online purchase if she had known that she could purchase the exact same toilet paper in-store for approximately $4 less than what she paid online.

22.     If Plaintiff had known the true price of the toilet paper sold at her Costco warehouse, she would have purchased the toilet paper in-store instead of purchasing it online.

**CLASS ACTION ALLEGATIONS**

23. Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23.

24. The proposed Class and Subclass are defined as:

> All consumers who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, made a purchase for delivery through the Costco mobile app or website and paid more for a product than was charged by Costco for the same product in-store when the online product page did not contain a disclosure warning consumers that the item may be available in-store for a lower price. (the "National Class").

> All consumers who, while residing in the State of Connecticut, within the applicable statute of limitations preceding the filing of this action to the date of class certification, made a purchase for delivery through the Costco mobile app or website and paid more for a product than was charged by Costco for the same product in-store when the online product page did not contain a disclosure warning consumers that the item may be available in-store for a lower price. (the "Connecticut Subclass").

25. Excluded from the Class is Defendant, its officers and directors, members of their immediate families, and the heirs, successors, or assigns of any of the foregoing.

26. ***Numerosity.*** At this time, Plaintiff does not know the exact size of the Class; however, due to the nature of the trade and commerce involved, Plaintiff believes that the Class members are well into the thousands, and thus, are so numerous that joinder of all members is impractical. The number and identities of Class members is administratively feasible and can be determined through appropriate discovery in the possession of the Defendant.

27. ***Commonality***: There are questions of law and fact common to the Class, which include, but are not limited to the following:

    a. Whether during the class period, Defendant omitted the promised disclosure on its website and mobile app whenever an online product was more expensive than the same product sold in-store;

CLASS ACTION COMPLAINT - 5

        b.        Whether Defendant's alleged omissions misled or had the tendency to mislead consumers;

        c.        Whether Defendant's alleged conduct constitutes violations of the laws asserted;

        d.        Whether Plaintiff and members of the Class were harmed by Defendant's omissions;

        e.        Whether Plaintiff and the Class have been damaged, and if so, the proper measure of damages; and

        f.        Whether an injunction is necessary to prevent Defendant from continuing to omit notice on the Costco mobile app and website that an online product is more expensive than the same in-store product.

28. ***Typicality.*** Like Plaintiff, many other consumers purchased products for delivery from Costco's website or mobile app, believing based on its promised disclosure, that Defendant would disclose whenever an item was more expensive online than that same item offered in-store. Plaintiff's claims are typical of the claims of the Class because Plaintiff and each Class member was injured by Defendant's omissions about the true price differential between the products sold online and those sold in-store. Plaintiff and the Class have suffered the same or similar injury as a result of Defendant's omissions. Plaintiff's claims and the claims of the members of the Class emanate from the same legal theory, Plaintiff's claims are typical of the claims of the Class, and therefore, class treatment is appropriate.

29. ***Adequacy.*** Plaintiff is committed to pursuing this action and has retained counsel competent and experienced in prosecuting and resolving consumer class actions. Plaintiff will fairly and adequately represent the interests of the Class and does not have any interests adverse to those of the Class.

30. ***Predominance and Superiority.*** The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class,

CLASS ACTION COMPLAINT - 6

and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the relatively modest amount of monetary, injunctive, and equitable relief at issue for each individual Class member.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
**Violation of Washington's Consumer Protection Act ("CPA"), RCW § 19.86.20 *et seq.***
**(on Behalf of Plaintiff and the National Class)**

31. Plaintiff realleges and incorporates herein the allegations of the paragraphs above of this Complaint as if fully set forth herein.

32. Washington's Consumer Protection Act makes unlawful any "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce…" RCW § 19.86.020.

33. Plaintiff and members of the Class are "persons" as defined in RCW 19.86.010(1).

34. Defendant is a "person" as defined in RCW 19.86.010(1).

35. Defendant committed unfair and deceptive practices by promising that it would include a clear disclosure on its website or mobile app whenever an online item was more expensive than that same item sold in-store at Costco and then omitting that disclosure on online items before a consumer makes a purchase on Costco.com.

36. Defendant's failure to disclose to consumers when an online product was more expensive than the same item sold in-store was material to Plaintiff's and the proposed Class's purchasing decisions and has misled Plaintiff and the proposed Class and will continue to mislead them in the future.

37. Defendant's conduct was also unfair. Its omissions were, and are, likely to cause substantial injury to consumers who paid more for products than they would have paid had they

purchased the same products in store instead of online. These additional costs were not reasonably avoidable by consumers and not outweighed by countervailing benefits.

38. Had Plaintiff known of Defendant's omissions regarding the true price differential between Costco's online products and those same products sold in-store, Plaintiff would not have purchased those items for delivery on Costco's website and would have instead purchased those products in-store at the lower price.

39. Defendant's omissions regarding its online product mark-ups occurred in the conduct of Defendant's trade and commerce. These bad acts were intended to, and did, result in Defendant profiting from its misleading practice.

40. Defendant's omissions caused Plaintiff and the Class injury to their business or property because they paid more for Defendant's products than they would have paid had they purchased the same products in-store instead of online.

41. Plaintiff and the Class have been injured by Defendant's CPA violations in an amount to be determined at trial. Plaintiff seeks all damages available under CPA § 19.86.090, including actual damages, costs (including reasonable attorneys' fees), treble damages, and injunctive relief.

**SECOND CLAIM FOR RELIEF**
**Alternative Cause of Action for Violation of Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq*.**
**(on Behalf of Plaintiff and the Connecticut Subclass)**

42. Plaintiff realleges and incorporates herein the allegations of the paragraphs above of this Complaint as if fully set forth herein.

43. Plaintiff states this alternative claim for relief under the law of the state of Connecticut, the state where her local Costco warehouse is located.

44. The Connecticut Unfair Trade Practices Act ("CUTPA") prohibits unfair competition and unfair and deceptive acts. Conn. Gen. Stat. § 42-110b provides: "(a) No person

1  shall engage in unfair methods of competition and unfair or deceptive acts or practices in the
2  conduct of any trade or commerce."

3    45.    Costco committed unfair and deceptive acts or practices in or affecting commerce
4  by failing to disclose that consumers would pay more for product listed on Costco's website or
5  mobile app than the same product offered in-store at a Costco location, despite its explicit
6  promise that it would do so.

7    46.    Costco's deceptive omissions regarding its online product mark-ups were likely
8  to affect consumer purchasing decisions because the pricing disclosure affects whether
9  consumers decide to place their orders on Costco's website or mobile app for delivery as opposed
10  to purchasing the same items in-store.

11    47.    As a result of Costco's deceptive and unfair business practices, Plaintiff and the
12  Class have suffered ascertainable losses within the meaning of C.G.S. § 42-110g(a) and have
13  been damaged by Costco's unlawful acts.

14    48.    Costco's deceptive and unfair acts and practices present an ongoing threat and
15  likelihood of deception to members of the public and constitute fraud upon the members of the
16  public, as well as unfair, unlawful, and deceptive acts in violation of CUTPA.

17    49.    Costco engaged in unfair and deceptive acts or practices as alleged herein with
18  the intent that others rely upon its concealment, suppression, and omission of material facts
19  regarding its online product mark-ups, and acted intentionally, or at a minimum, with reckless
20  disregard for Plaintiff's rights and the rights of the Class.

21    50.    Costco knew that it unfairly and deceptively omitted this material information to
22  consumers on its website and mobile app.

23    51.    Costco's material omissions regarding its deceptive online product mark-ups
24  offended established public policy and were immoral, unethical, oppressive, unscrupulous, or
25  substantially injurious to consumers.

26
27

52. Costco's unfair and deceptive omissions regarding its online product mark-up practices were material to Plaintiff's and Class members' purchasing decisions and Plaintiff and Class members reasonably and materially relied upon the information in deciding whether to make their purchases on the Costco website or mobile app.

53. These unfair or deceptive omissions caused damages to Plaintiff and members of the Class by causing them to pay more for online items than they otherwise would have had they purchased the exact same items in-store.

54. As a direct and proximate result of Costco's foregoing acts and omissions, Plaintiff and the Class were damaged in an amount to be determined at trial, which Plaintiff and the Class are entitled to recover, together with appropriate punitive damages, injunctive relief, attorneys' fees and costs of suit.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff on behalf of herself and the Class seeks judgment in an amount to be determined at trial as follows:

A. Certifying this action for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Awarding Plaintiff and the Class actual and/or compensatory damages, treble damages, and punitive damages in an amount to be proven at trial;

C. Awarding Plaintiff and the Class pre-judgment and post-judgment interest, as well as attorneys' fees and costs, at the maximum rate allowed by law;

D. For injunctive and declaratory relief as set forth above;

E. For an order requiring Defendant to disgorge and make restitution of all monies acquired by means of the unlawful practices set forth above; and

F. Awarding such other and further relief as this Court deems just, proper, and equitable.

# JURY DEMAND

Plaintiff hereby demands a jury trial on all claims so triable.

Dated: June 12, 2024

By: *s/ Kim D. Stephens, P.S.*
Kim D. Stephens, P.S., WSBA #11984
By: *s/ Cecily C. Jordan.*
Cecily C. Jordan, WSBA #50061
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101
Telephone: 206-682-5600
Facsimile: 206-682-2992
kstephens@tousley.com
cjordan@tousley.com

Sophia G. Gold *
*sgold@kalielgold.com*
Jeffrey D. Kaliel *
*jkaliel@kalielpllc.com*
**KALIELGOLD PLLC**
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Tel: (202) 350-4783

**pro hac vice application to be filed*

*Attorneys for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT - 11