1

2

3

4

5

6

7                                                              THE HONORABLE LAUREN KING

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNIE SONG, on behalf of herself and all others similarly situated, | Case No. 2:24-cv-00845-LK |
| Plaintiff, | **COSTCO'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT** |
| v. | NOTE ON MOTION CALENDAR: September 5, 2024 |
| COSTCO WHOLESALE CORPORATION, | ORAL ARGUMENT REQUESTED |
| Defendant. | |

COSTCO'S MOTION TO DISMISS
(No. 2:24-cv-00845-LK)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 1

II.     BACKGROUND ................................................................................................. 3

III.    LEGAL STANDARD ......................................................................................... 4

IV.     ARGUMENT ...................................................................................................... 5

        A.      Ms. Song fails to state a claim under the Washington Consumer Protection
                Act because she lacks facts to support multiple elements of her claim. ................ 6

                1.      Ms. Song fails to plausibly allege a deceptive or unfair practice
                        because Costco never said it would provide specific price
                        differences, as Ms. Song contends. ........................................................... 6

                2.      Ms. Song fails to plausibly allege causation because she did not
                        rely on Costco's statement and the purported omission was not
                        material. ........................................................................................................ 8

                3.      Ms. Song fails to plausibly allege an injury because she paid for an
                        item with two-day delivery service, and that is what she received. .......... 14

        B.      Ms. Song's "alternative" Connecticut Unfair Trade Practices Act claim
                fails for the same reasons as her CPA claim. ..................................................... 15

        C.      If the Court does not dismiss the Complaint in its entirety, it should
                dismiss Ms. Song's request for injunctive relief because she lacks Article
                III standing for that relief. ................................................................................ 16

        D.      Dismissal should be without leave to amend because Ms. Song cannot fix
                her defective allegations. .................................................................................. 17

V.      CONCLUSION ................................................................................................. 18

VI.     CERTIFICATION OF CONFERRAL ............................................................... 18

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

## TABLE OF AUTHORITIES

2

CASES

3

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ........................................................................................4

4

5

*Bautista v. Valero Mktg. & Supply Co.,*
    No. 15:cv-05557-RS, 2016 WL 3924117 (N.D. Cal. July 21, 2016) ....................................13

6

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)........................................................................................4

7

8

*Benanav v. Healthy Paws Pet Ins., LLC,*
    No. C20-421-RSM, 2021 WL 4319447 (W.D. Wash. Sept. 23, 2021) ................................11

9

10

*Blair v. Assurance IQ LLC,*
    No. C23-0016-KKE, 2023 WL 6622415 (W.D. Wash. Oct. 11, 2023)..................................17

11

*Carvalho v. HP, Inc.,*
    No. 21-cv-08015-BLF, 2022 WL 2290595 (N.D. Cal. June 24, 2022) ....................................7

12

13

*Chapman v. Pier 1 Imps. (U.S.) Inc.,*
    631 F.3d 939 (9th Cir. 2011) .............................................................................16

14

15

*City of Los Angeles v. Lyons,*
    461 U.S. 95 (1983)........................................................................................16

16

*Dane v. UnitedHealthcare Ins. Co.,*
    974 F.3d 183 (2d Cir. 2020)..............................................................................16

17

18

*Davidson v. Kimberly-Clark Corp.,*
    889 F.3d 956 (9th Cir. 2018) .............................................................................16

19

20

*Deegan v. Windermere Real Estate/Ctr.-Isle, Inc.,*
    197 Wn. App. 875 (2017) ..................................................................................9

21

*Demopolis v. Galvin,*
    57 Wn. App. 47 (1990) ...................................................................................14

22

23

*Depot, Inc. v. Caring for Montanans, Inc.,*
    915 F.3d 643 (9th Cir. 2019) ..............................................................................4

24

25

*DiNardo v. Wow 1 Day Painting, LLC,*
    No. C16-1600JLR, 2018 WL 513584 (W.D. Wash. Jan. 23, 2018) ....................................15

26

COSTCO'S MOTION TO DISMISS – ii
(No. 2:24-cv-00845-LK)

*Dussault ex rel. Walker-Van Buren v. Am. Int'l Grp., Inc.*,
    123 Wn. App. 863 (2004) ................................................................................13

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016) ...........................................................................7

*G.G. v. Valve Corp.*,
    579 F. Supp. 3d 1224 (W.D. Wash. 2022)......................................................9

*Gardner v. Martino*,
    563 F.3d 981 (9th Cir. 2009) .........................................................................17

*Gray v. Amazon.com, Inc.*,
    653 F. Supp. 3d 847 (W.D. Wash. 2023)........................................................4

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
    105 Wn.2d 778 (1986) ....................................................................................6

*Hodgers-Durgin v. De la Vina*,
    199 F.3d 1037 (9th Cir. 1999) .......................................................................17

*In re Amazon Serv. Fee Litig.*,
    No. 2:22-cv-00743-TL, 2024 WL 3460939 (W.D. Wash. July 18, 2024)............10

*Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*,
    162 Wn.2d 59 (2007) ......................................................................................9

*Kent Literary Club of Wesleyan Univ. at Middletown v. Wesleyan Univ.*,
    338 Conn. 189 (2021) ....................................................................................15

*Maple v. Costco Wholesale Corp.*,
    649 F. App'x 570 (9th Cir. 2016) ..................................................................10

*Mason v. Mortg. Am., Inc.*,
    114 Wn.2d 842 (1990) ...................................................................................14

*Mayfield v. United States*,
    599 F.3d 964 (9th Cir. 2010) .........................................................................17

*Montes v. Sparc Grp., LLC*,
    No. 2:22-CV-0201-TOR, 2023 WL 4140836 (E.D. Wash. June 22, 2023) ............14

*Moore v. Trader Joe's Co.*,
    4 F.4th 874 (9th Cir. 2021) .............................................................................7

*Nunez v. Saks Inc.*,
    771 F. App'x 401 (9th Cir. 2019) ..................................................................16

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Panag v. Farmers Ins. Co. of Wash.*,
   166 Wn.2d 27 (2009).............................................................................................6

*Reverse Now VII, LLC v. Or. Mut. Ins. Co.*,
   341 F. Supp. 3d 1233 (W.D. Wash. 2018)..........................................................12

*Richards v. Direct Energy Servs., LLC*,
   915 F.3d 88 (2d Cir. 2019)...................................................................................16

*Robinson v. Avis Rent a Car Sys., Inc.*,
   106 Wn. App. 104 (2001)......................................................................................9

*Rush v. Blackburn*,
   190 Wn. App. 945 (2015)......................................................................................6

*Rydman v. Champion Petfoods USA, Inc.*,
   No. C18-1578 TSZ, 2023 WL 3506133 (W.D. Wash. May 17, 2023)...................6

*Schiff v. Liberty Mut. Fire Ins. Co.*,
   2 Wn.3d 762...........................................................................................................6

*Smith v. Wells Fargo Bank, N.A.*,
   158 F. Supp. 3d 91 (D. Conn. 2016)....................................................................15

*Sorrell v. Eagle Healthcare, Inc.*,
   110 Wn. App. 290 (2002)......................................................................................6

*Taylor v. Amazon.com, Inc.*,
   No. 2:24-cv-00169-MJP, 2024 WL 3326430 (W.D. Wash. July 8, 2024).............8

*Taylor v. Bob O'Connor Ford, Inc.*,
   No. 97 C 0720, 1998 WL 177689 (N.D. Ill. Apr. 13, 1998)...............................13

*Thomas v. Costco Wholesale Corp.*,
   No. 21-55335, 2022 WL 636637 (9th Cir. Mar. 4, 2022).....................................7

*Thorley v. Nowlin*,
   29 Wn. App. 2d 610 (2024)..................................................................................13

*Town of Chester v. Laroe Ests., Inc.*,
   581 U.S. 433 (2017).............................................................................................16

*Young v. Toyota Motor Sales, U.S.A.*,
   196 Wn.2d 310 (2020)...........................................................................................9

*Young v. Toyota Motor Sales, U.S.A.*,
   9 Wn. App. 2d 26 (2019).....................................................................................12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Zunum Aero, Inc. v. Boeing Co.*,
    No. C21-0896JLR, 2022 WL 2116678 (W.D. Wash. June 13, 2022) ....................................15

**STATUTES**

RCW 19.86.920 .................................................................................................................................8

**RULES**

Federal Rule of Civil Procedure 9(b) .............................................................................................4

Federal Rule of Civil Procedure 12(b)(6) ......................................................................................4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

COSTCO'S MOTION TO DISMISS – v
(No. 2:24-cv-00845-LK)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## I.    INTRODUCTION

Costco Wholesale Corporation ("Costco") tells all website customers—including named plaintiff Annie Song—that "not all products sold on Costco.com are available at your local Costco warehouse" and "products sold online may have different pricing than the same products sold at your local Costco warehouse" because of "the shipping and handling fees charged for delivery." Complaint ("Compl."), ECF No. 1 (June 12, 2024) ¶ 12. Ms. Song purchased toilet paper on Costco's website for $33.49 to be delivered to her home. She alleges that the same item was sold in store—without delivery—for $4 less. Her entire case hinges on her facially unreasonable characterization of the higher online price she paid for delivery: that there was a "deceptive mark-up" because Costco did not *remind* her on the webpage for the toilet paper that the item "may be available" at a warehouse for a "lower, non-delivered price."

On these alleged facts, Ms. Song cannot plausibly allege multiple elements of her claim under the Washington Consumer Protection Act (or in the alternative the Connecticut Unfair Trade Practices Act). The Court should therefore dismiss the Complaint for failure to state a claim.

*First*, Ms. Song does not allege a deceptive or unfair practice. Costco generally informs website customers that prices between online and in-store items may differ because online items may incur additional delivery costs. Ms. Song alleges that there was no statement on the product webpage reminding her the toilet paper "may" be available in a local warehouse for less at the time of her order. But the reminder would only tell customers of the *potential* in-store availability of an item at an *unspecified* lower cost at an *unnamed* warehouse. Had the reminder been included on the toilet-paper page, Ms. Song still would not have known if she could *actually* buy it for less at her local warehouse in Norwalk, Connecticut. The reminder would not guarantee that the toilet paper was available at *her* local warehouse at any *specific* price—let alone a *lower* price.

Moreover, Ms. Song alleges no facts showing that it is unfair for a company not to disclose specific price differences between items available online for delivery and in store. And in any

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

event, Costco *did* inform all customers that prices between online and in-store items could differ because online items may incur additional delivery costs.

*Second*, no matter what Costco said or did not say, Ms. Song fails to allege that Costco caused her purported injury; namely, that she would have purchased the toilet paper in person rather than online if she had known about the $4 difference. She does not allege that she relied on Costco's reminder statement when deciding to make the online purchase, let alone that she even read the statement before preparing this lawsuit. Costco also did not cause the claimed injury because at most, Ms. Song would have known only that the toilet paper may have been available for a lower price—not, as she alleges, the actual availability of or the "true" in-store price for that item. To find out any of that, she would have had to call the warehouse or go there to check for herself.

To the extent Ms. Song tries to advance an omission-based theory of deception, that fails too. She does not allege that knowing about the mere possibility of a lower-cost product in some unspecified store (not necessarily her store or any other store within a reasonable distance of her home) would have changed her purchasing decision.

*Third*, Ms. Song fails to allege an injury because she received exactly what she paid for: an item delivered to her home in two days. She was not harmed by paying—as publicly disclosed—for the additional service (delivery) that came with the toilet paper she bought.

Each of these is an independent basis for the Court to dismiss the Complaint in full. But even if the Court does not dismiss the Complaint entirely, it should dismiss Ms. Song's request for injunctive relief. She fails to show Article III standing for that relief because she does not allege a single fact showing imminent future harm. She does not even suggest that she will again shop at Costco or use its website.

For those reasons, Costco respectfully requests that the Court dismiss for failure to state a claim.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

## II.    BACKGROUND

2
3

When Ms. Song placed her order, an article on the Customer Service page on Costco's website said the following:

4

### Are warehouse and online prices the same?

5
6
7
8

As you may already know, not all products sold on Costco.com are available at your local Costco warehouse. Also, products sold online may have different pricing than the same products sold at your local Costco warehouse. That is due to the shipping and handling fees charged for delivery to your home or business. And when an item is available both online and, in the warehouse, you will see the message, "Item may be available in your local warehouse for a lower, non-delivered price," on its product page on Costco.com.

9

Compl. ¶ 12.

10
11
12
13
14
15
16
17

Ms. Song characterizes the last sentence as a "promise" to tell customers "[w]henever a product is more expensive online than the same product offered for sale in-store." *Id.* ¶ 2. She goes on to allege that Costco "fails to disclose to consumers . . . that they will be paying more for a product sold on Costco.com than if they had purchased the same exact product in-store at their local Costco Warehouse." *Id.* ¶ 3; *see also id.* ¶ 11 (asserting that Costco says "it will disclose to consumers whenever an online product sold on Costco.com is more expensive [than] the same item sold in-store"). Ms. Song does not allege that she read the reminder statement before making any purchase.

18
19
20
21
22
23

Ms. Song alleges that in January 2024, she "placed an order for 2-day delivery on Costco.com" that included "a 30-Roll Count of Charmin Ultra Soft Bath Tissue for $33.49." *Id.* ¶ 15 (first quotation), ¶ 19 (second quotation). She claims that "[n]one of the products [she] purchased in her order included the disclosure that any of the items might be available at her Costco store at a lower price." *Id.* ¶ 17. But, according to the Complaint, the same 30-Roll Count of Charmin Ultra Soft Bath Tissue was available at her local Costco warehouse for $29.99. *Id.* ¶ 20.

24
25
26

Ms. Song contends that she "would not have made the online purchase if she had known that she could purchase the exact same toilet paper in-store for approximately $4 less than what

COSTCO'S MOTION TO DISMISS – 3
(No. 2:24-cv-00845-LK)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    she paid online." *Id.* ¶ 21; *see also id.* ¶ 22 ("If Plaintiff had known the true price of the toilet paper

2    sold at her Costco warehouse, she would have purchased the toilet paper in-store instead of

3    purchasing it online.").

4         According to Ms. Song, the purported "online product mark-up practices" and "price

5    differential" between online and in-store items "deceive [] consumers." *Id.* ¶ 5. She asserts a cause

6    of action under the Washington Consumer Protection Act (CPA) and an "alternative" cause of

7    action under the Connecticut Uniform Trade Practices Act (CUTPA). *Id.* ¶¶ 31–54. For the CPA

8    claim, she seeks to represent a nationwide class of Costco customers; for the CUTPA claim, she

9    seeks to represent a subclass of Connecticut customers. *Id.* ¶¶ 42–54. She also seeks damages,

10   restitution, and injunctive relief. *Id.* at Prayer for Relief.

11                                   **III.    LEGAL STANDARD**

12        Federal Rule of Civil Procedure 12(b)(6) requires dismissal where a plaintiff fails to "state

13   a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007);

14   *see also* Fed. R. Civ. P. 12(b)(6). Where "the well-pleaded facts do not permit the court to infer

15   more than the mere possibility of misconduct" or support only an "obvious alternative explanation"

16   for the alleged harm, the complaint should be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 682

17   (2009) (cleaned up). "Determining whether a complaint states a plausible claim for relief

18   will . . . be a context-specific task that requires the reviewing court to draw on its judicial

19   experience and common sense." *Id.* at 679.

20        Moreover, under Federal Rule of Civil Procedure 9(b), "a party alleging fraud . . . must

21   state with particularity the circumstances constituting fraud," including "the who, what, when,

22   where, and how of the misconduct charged, as well as what is false or misleading about the

23   purportedly fraudulent statement, and why it is false." *Depot, Inc. v. Caring for Montanans, Inc.*,

24   915 F.3d 643, 668 (9th Cir. 2019) (cleaned up); *see also* Fed. R. Civ. P. 9(b); *Gray v. Amazon.com,*

25   *Inc.*, 653 F. Supp. 3d 847, 858 (W.D. Wash. 2023) (explaining that "federal courts have concluded

26

COSTCO'S MOTION TO DISMISS – 4
(No. 2:24-cv-00845-LK)

1  that Rule 9(b) applies to CPA claims alleging that the defendant intentionally misled the public"

2  (cleaned up)).

3  **IV.   ARGUMENT**

4  The Court should dismiss Ms. Song's Complaint because she fails to state a claim under

5  the CPA. She has not alleged facts—let alone with the particularity Rule 9(b) requires—giving

6  rise to a plausible inference of at least three elements of a CPA claim: (1) a deceptive or unfair

7  practice, (2) causation, or (3) injury. *See* Compl. ¶ 1 (alleging "fraudulent and material

8  omissions").

9  1.      **No deceptive or unfair practice**. At most, Ms. Song pleads that she subjectively

10  interpreted Costco's reminder statement about *potential* price differences and *potential* availability

11  at some *unspecified* warehouse as a promise to disclose *specific* price differences and *specific*

12  availability at *her* local warehouse. That is an unreasonable interpretation that cannot—as a matter

13  of law—show Costco deceived consumers or acted unfairly. She also ignores that Costco clearly

14  and unequivocally tells all customers that "products sold online" (like the toilet paper Ms. Song

15  bought) may not be available "at your local Costco warehouse" and, when available, may have

16  "different pricing . . . due to the shipping and handling fees charged for delivery." *Id.* ¶ 12.

17  2.      **No causation**. In addition, Ms. Song does not plead causation because (a) she does

18  not allege that she relied on Costco's statement in deciding to buy toilet paper for delivery and

19  (b) she does not allege that omission of potential price differences and availability materially

20  affected that decision.

21  3.      **No injury**. Finally, Ms. Song does not allege an injury because she received exactly

22  what she paid for: an item delivered to her home in two days.

23  The failure to plead just one of those elements alone requires dismissal of the CPA claim.

24  Moreover, those shortcomings also require dismissal of her "alternative claim" under the CUTPA.

25  *Id.* ¶ 43.

26

COSTCO'S MOTION TO DISMISS – 5
(No. 2:24-cv-00845-LK)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    If the Court does not dismiss the Complaint entirely, however, it should dismiss at least

2    Ms. Song's request for injunctive relief. *Id.* at Prayer for Relief. She lacks Article III standing to

3    pursue that relief because she does not allege even a possibility of an imminent threat of future

4    harm.

### A. Ms. Song fails to state a claim under the Washington Consumer Protection Act because she lacks facts to support multiple elements of her claim.

To plead a CPA claim, a plaintiff must allege facts that "(i) the defendant engaged in an unfair or deceptive act or practice; (ii) such act or practice occurred in the conduct of trade or commerce; (iii) such act or practice affected the public interest; (iv) the plaintiff suffered an injury to his or her business or property; and (v) a causal relationship exists between the defendant's act or practice and the plaintiff's injury." *Rydman v. Champion Petfoods USA, Inc.*, No. C18-1578 TSZ, 2023 WL 3506133, at *5 (W.D. Wash. May 17, 2023) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 785–93 (1986)). "Failure to satisfy even one of the elements is fatal to a CPA claim." *Sorrell v. Eagle Healthcare, Inc.*, 110 Wn. App. 290, 298 (2002).

### 1. Ms. Song fails to plausibly allege a deceptive or unfair practice because Costco never said it would provide specific price differences, as Ms. Song contends.

At the outset, Ms. Song fails to plausibly allege that Costco engaged in any deceptive or unfair practice. A practice is "deceptive" under the CPA if it is "likely to mislead a reasonable consumer." *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 50 (2009) (cleaned up). A practice is unfair if it "offends public policy as it has been established by statutes, the common law or otherwise"; is "immoral, unethical, oppressive, or unscrupulous"; or "causes substantial injury to consumers." *Rush v. Blackburn*, 190 Wn. App. 945, 962–63 (2015) (cleaned up). "Whether an act or practice qualifies as unfair or deceptive is a question of law." *Schiff v. Liberty Mut. Fire Ins. Co.*, 2 Wn.3d 762, 772 (2024).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    **No plausible inference of deception**. "[T]he reasonable consumer standard requires a

2    probability that a significant portion of the general consuming public or of targeted consumers,

3    acting reasonably in the circumstances, could be misled." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965

4    (9th Cir. 2016) (cleaned up). "[A] plaintiff's unreasonable assumptions . . . will not suffice," and

5    "dismissal is appropriate where the court determines that the plaintiff's claims are not plausible."

6    *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021) (first quotation); *Carvalho v. HP, Inc.*,

7    No. 21-cv-08015-BLF, 2022 WL 2290595, at *4 (N.D. Cal. June 24, 2022) (second quotation).

8    Ms. Song contends that Costco "represented on [its] website that it would include a

9    message whenever an online product was more expensive than the same in-store item." Compl.

10   ¶ 16; *see also id.* ¶ 11 ("Defendant promises on its website that it will disclose to consumers

11   whenever an online product sold on Costco.com is more expensive [than] the same item sold in-

12   store at a Costco warehouse location."). But that's *not* what Costco said. Costco's reminder

13   statement—as quoted in the Complaint—actually said that Costco would inform customers when

14   an "[i]tem ***may be available*** in your local warehouse for a lower, ***non-delivered*** price." *Id.* ¶ 12

15   (emphasis added). Costco did not represent, as Ms. Song alleges, that it would tell customers

16   (1) when an item was actually available for a lower price; (2) if the item were available for a lower

17   price, what the specific lower price was; or (3) that the item was available for the lower price at a

18   particular warehouse. Simply put, no reasonable consumer would believe that Costco's general

19   reminder about the mere possibility of less expensive in-store items somehow obligated Costco to

20   also disclose the actual pricing and actual availability in specific warehouses.

21   Ms. Song's conflation of potential in-store *availability* and an actual lower in-store *price*

22   shows that she formed "unreasonable assumptions" about what Costco's reminder statement

23   meant. *Moore*, 4 F.4th at 882. One person's unreasonable assumptions, however, cannot show

24   consumer deception. *See Thomas v. Costco Wholesale Corp.*, No. 21-55335, 2022 WL 636637, at

25   *2 (9th Cir. Mar. 4, 2022) (holding that the plaintiff was "not deceived because of Costco's

26   advertising, but rather [was] confused because of their own unreasonable assumptions"). As the

COSTCO'S MOTION TO DISMISS – 7
(No. 2:24-cv-00845-LK)

1    Ninth Circuit recently confirmed in another case, "Costco" need not "anticipate and affirmatively

2    dispel [] shoppers' idiosyncratic assumptions or wholly incorrect interpretations" about the

3    company's statements to avoid a consumer-protection claim. *Id.*

4         **No plausible inference of unfairness**. Nor does Ms. Song allege an unfair act under the

5    CPA. Nothing in her Complaint suggests that not identifying in-store availability at a particular

6    location and at a particular lower price "offends public policy" or "causes substantial injury to

7    consumers." *Rush*, 190 Wn. App. at 962–63. That is especially true here because Costco explained

8    that "products sold online may have different pricing than the same products sold at your local

9    Costco warehouse" because of "shipping and handling fees charged for delivery." Compl. ¶ 12. In

10   other words, there is an entirely *fair* reason—which Costco disclosed in the same statement Ms.

11   Song contends is deceptive—why prices may be different. *See* RCW 19.86.920 (explaining that

12   the CPA does not prohibit practices that are "reasonable in relation to the development and

13   preservation of business").

14        Aside from that, the entire Complaint contains just one conclusory assertion about unfair

15   conduct: that the purported "omissions were . . . likely to cause substantial injury to consumers

16   who paid more for products than they would have paid had they purchased the same products in

17   store instead of online." Compl. ¶ 37. But merely declaring something unfair does not make it so.

18   *See Taylor v. Amazon.com, Inc.*, No. 2:24-cv-00169-MJP, 2024 WL 3326430, at *5 (W.D. Wash.

19   July 8, 2024) (dismissing CPA claim because the "naked recitation" of elements "falls short of the

20   Rule 12(b)(6) standard"). Moreover, on its face, the assertion ignores that reasonable consumers

21   understand they may pay more for the convenience of home delivery than if they buy a product in

22   store.

23           **2.**     **Ms. Song fails to plausibly allege causation because she did not rely on
     Costco's statement and the purported omission was not material.**

24

25        Ms. Song also does not plausibly allege causation, which is an independent reason the

26   Court should dismiss the Complaint. A plaintiff can base their CPA claim on either an affirmative

1    misrepresentation or an omission. *See Panag*, 166 Wn.2d at 50. An affirmative-misrepresentation

2    claim requires the plaintiff to allege facts showing "a causal link between the misrepresentation

3    and the plaintiff's injury." *Deegan v. Windermere Real Estate/Ctr.-Isle, Inc.*, 197 Wn. App. 875,

4    885–86 (2017). The plaintiff need not plead that the misrepresentation is material. *See Rydman*,

5    2023 WL 3506133, at *7 (citing *Young v. Toyota Motor Sales, U.S.A.*, 196 Wn.2d 310, 318

6    (2020)). By contrast, because causation can be presumed for an omission claim, a plaintiff

7    asserting such a claim must allege facts showing the omission was material. *See id.*

8          Here, Ms. Song appears to try to have it both ways: alleging an affirmative

9    misrepresentation—Costco's statement that it would identify potential price differences—but

10   couching it at times as an omission—Costco's alleged failure to identify those differences. *See,*

11   *e.g.*, Compl. ¶ 1 (alleging "fraudulent and material omissions regarding its deceptive mark-up of

12   products sold online at Costco.com"), ¶ 2 (alleging that Costco said "it will disclose whenever a

13   product is more expensive online than the same product offered for sale in-store"). Regardless of

14   which theory Ms. Song asserts, however, she fails to allege causation.

15         **No plausible inference of causation for misrepresentation claim.** For a

16   misrepresentation claim, "[t]he causation requirement is met where the defendant induced the

17   plaintiff to act or refrain from acting." *Robinson v. Avis Rent a Car Sys., Inc.*, 106 Wn. App. 104,

18   113 (cleaned up), *rev. denied*, 145 Wn.2d 1004 (2001). In other words, "there must be some

19   demonstration of a causal link between the misrepresentation and the plaintiff's injury." *Indoor*

20   *Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 83 (2007). When a

21   plaintiff's theory of causation is that they relied on the alleged misrepresentation, they must also

22   plead facts showing reliance. *See Young*, 196 Wn.2d at 322 (explaining that when the plaintiff's

23   "own causation theory" is that they were injured by relying on a misrepresentation, reliance must

24   be "established"); *G.G. v. Valve Corp.*, 579 F. Supp. 3d 1224, 1233 (W.D. Wash. 2022) (explaining

25   that "a court may require the plaintiff to show reliance where reliance is the plaintiff's own

26   causation theory"), *aff'd*, No. 22-35105, 2023 WL 334012 (9th Cir. Jan. 20, 2023).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1     Ms. Song alleges that she "would not have made [her] online purchase if she had known

2     that she could purchase the exact same toilet paper in-store for approximately $4 less." Compl.

3     ¶ 21. That's not enough to plead causation for two reasons: (1) Ms. Song does not allege that she

4     ever saw—let alone relied on—Costco's reminder statement about potential price differences and

5     (2) the purported misrepresentation could not have caused the alleged injury—an online purchase

6     of an item Costco allegedly should have told her was $4 less expensive in store. *Id.*

7         *First*, Ms. Song fails to allege that she relied on *any* statement from Costco before she

8     decided to make her online purchase. In fact, she does not allege she ever even saw or knew about

9     the reminder statement before filing this lawsuit. *See Maple v. Costco Wholesale Corp.*, 649 F.

10    App'x 570, 572 (9th Cir. 2016) (affirming dismissal of CPA claim where the plaintiff "has not

11    alleged that he read those parts of the label" allegedly relied on and therefore "cannot establish

12    causation"). She instead alleges only that the statement was "[a]t all relevant times . . . on the

13    Costco website" and she would not have made an online purchase had she known she could buy

14    the toilet paper for less at a Costco warehouse. *See* Compl. ¶¶ 16, 21. Without any allegation that

15    Ms. Song relied on the statement in deciding to make the purchase, though, the only plausible

16    inference is that Ms. Song would have made the same online purchase regardless of the statement.

17    *See G.G.*, 579 F. Supp. 3d at 1233 (explaining that "[i]f the injury would have occurred regardless

18    of whether the alleged violation existed, causation cannot be established"); *see also Taylor*, 2024

19    WL 3326430, at *5 (dismissing CPA claim because the plaintiff's causation allegations were

20    conclusory).

21        Judges in this District routinely dismiss CPA claims for the same reason this Court should

22    dismiss here: a failure to sufficiently allege causation where there is no reliance on a purportedly

23    deceptive statement. The following cases are just a few examples.

24        • Dismissing CPA claim because the plaintiff's allegations confirmed they

25    "could not have relied on [the allegedly deceptive] ad." *In re Amazon Serv. Fee Litig.*, No.

26    2:22-cv-00743-TL, 2024 WL 3460939, at *7 (W.D. Wash. July 18, 2024) (Lin, J.).

COSTCO'S MOTION TO DISMISS – 10
(No. 2:24-cv-00845-LK)

- Dismissing CPA claim because the "naked recitation of proximate cause falls short of the Rule 12(b)(6) standard" and "Plaintiffs have not alleged that without [the defendant's] alleged deceptive or unfair practices [the] injury complained of would not have happened." *Taylor*, 2024 WL 3326430, at *5 (cleaned up) (Pechman, J.).

- Dismissing CPA claim because "the Complaint contains no allegations that Plaintiffs viewed or heard any of those statements or were otherwise aware of them at the time they purchased their . . . devices or at any time prior to the filing of this lawsuit. Absent such allegations, Plaintiffs cannot establish that, but for [the defendant's] public statements, their injuries would not have occurred." *Gray*, 653 F. Supp. 3d at 859 (Rothstein, J.).

- Dismissing CPA claim because with only a "general reference to Healthy Paws' representations on its website and in its marketing materials [,] . . . the Court cannot discern which of Healthy Paws' specific alleged misrepresentations they were exposed to and/or relied upon when they purchased their policies." *Benanav v. Healthy Paws Pet Ins., LLC*, No. C20-421-RSM, 2021 WL 4319447, at *11 (W.D. Wash. Sept. 23, 2021) (Martinez, C.J.) (cleaned up).

*Second*, the alleged misrepresentation—as Ms. Song characterizes it—could not have caused the alleged injury. Ms. Song contends she would not have made her online purchase "if she had known that she could purchase the exact same toilet paper in-store for approximately $4 less." Compl. ¶ 21; *see also id.* ¶ 22 ("If Plaintiff had known the true price of the toilet paper sold at her Costco warehouse, she would have purchased the toilet paper in-store instead of purchasing it online."), ¶ 38 ("Had Plaintiff known of Defendant's omissions regarding the true price differential between Costco's online products and those same products sold in-store, Plaintiff would not have purchased those items for delivery[.]"). But to start, she *did* know that "not all products sold on Costco.com are available at your local Costco warehouse" and "products sold online may have different pricing" because of "shipping and handling fees charged for delivery." *Id.* ¶ 12 (first

quotation), ¶ 2 (second quotation). Costco told her exactly that. And, as explained above, Costco never represented that it would tell her "[w]henever" an item was actually available for a lower price or what the specific in-store price was, or which specific warehouses stocked that item. Reminding customers that a lower price "may be available" is a far cry from informing them of those specifics—all of which Costco would have had to promise to provide and then have failed to do so for there to be even a chance of liability under Ms. Song's theory.

Even if Costco had indicated that the toilet paper "*may be* available . . . for a lower, non-delivered price," *id.* ¶ 12 (emphasis added), Ms. Song would not have known that "she could purchase the exact same toilet paper in-store for approximately $4 less," *id.* ¶ 21. The reminder would not have told her if the toilet paper was even available in her local store, let alone for how much. *Id.* ¶ 22; *see also G.G.*, 579 F. Supp. 3d at 1233 ("If the injury would have occurred regardless of whether the alleged violation existed, causation cannot be established."). Without the necessary "causal link between the misrepresentation and [her] injury," Ms. Song has not pleaded a viable misrepresentation claim. *Indoor Billboard/Wash.*, 162 Wn.2d at 83.

**No plausible inference of materiality for omission claim**. Even if Ms. Song's theory of liability is that Costco omitted rather than misrepresented information, the Court should still dismiss her Complaint because she does not sufficiently allege that the supposed omission was material. For materiality, "[t]he basic question is whether the act or practice is likely to affect the consumer's conduct or decision with regard to a product or service." *Young v. Toyota Motor Sales, U.S.A.*, 9 Wn. App. 2d 26, 34 (2019), *aff'd*, 196 Wn.2d 310 (2020). "If so, the practice is material, and consumer injury is likely, because consumers are likely to have chosen differently but for the deception." *Id.* Materiality "may be decided as a matter of law if reasonable minds could not differ on the question." *Reverse Now VII, LLC v. Or. Mut. Ins. Co.*, 341 F. Supp. 3d 1233, 1237 (W.D. Wash. 2018) (cleaned up).

Ms. Song fails to plead materiality because she does not allege that her purchasing decision would have been different if Costco had informed her the toilet paper may have been available at

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

a potentially lower price—the reminder Costco purportedly omitted. *See* Compl. ¶ 12. Instead, she alleges she would "have chosen differently" *only* if she had known the *specific* price difference. *Young*, 9 Wn. App. 2d at 34; *see also* Compl. ¶ 21. But she would not have known that information even if Costco had given the reminder allegedly omitted. *See infra*. To find that information, she still would have had to call her local warehouse or go there herself to check the price on the toilet paper.

Beyond that off-base attempt at pleading materiality, Ms. Song merely asserts that Costco's omission was "material." Compl. ¶¶ 1, 3–4, 6, 14, 36, 49–52. But she does not provide any details explaining how the alleged omission "is likely to affect the consumer's conduct or decision." *Young*, 9 Wn. App. 2d at 34. With only a "naked assertion" about materiality, Ms. Song fails to plausibly state a claim. *Twombly*, 550 U.S. at 557; *see also Taylor*, 2024 WL 3326430, at \*5 ("The Court agrees . . . that this naked recitation" regarding causation "falls short of the Rule 12(b)(6) standard.").

Moreover, Ms. Song does not allege that Costco had any legal duty—independent of the reminder statement—to disclose different prices charged for different ways of buying an item. That unravels her omission claim because failing to disclose a fact generally supports a consumer-protection claim only when the law imposes a duty to disclose. *See, e.g.*, *Dussault ex rel. Walker-Van Buren v. Am. Int'l Grp., Inc.*, 123 Wn. App. 863, 872 (2004) (explaining that, for a fraud claim based on "silence," there must be "a duty to exercise reasonable care to disclose");[1] *Bautista v. Valero Mktg. & Supply Co.*, No. 15:cv-05557-RS, 2016 WL 3924117, at \*5 (N.D. Cal. July 21, 2016) (violation of California statute requiring disclosure of fees for point-of-sale devices might support cause of action under state unfair-competition law); *Taylor v. Bob O'Connor Ford, Inc.*, No. 97 C 0720, 1998 WL 177689, at \*4, \*9 (N.D. Ill. Apr. 13, 1998) (failure to disclose price difference supported consumer-protection claim because the alleged misconduct also violated a

---

[1] Cases in the fraud context are relevant because "Washington courts . . . consider fraud as the common law comparison to the unfair or deceptive act and practice language in the CPA." *Thorley v. Nowlin*, 29 Wn. App. 2d 610, 652 (2024).

COSTCO'S MOTION TO DISMISS – 13
(No. 2:24-cv-00845-LK)

federal statute). Ms. Song points to no law that would require Costco to inform its customers of in-store versus online price differences on particular items.

### 3. Ms. Song fails to plausibly allege an injury because she paid for an item with two-day delivery service, and that is what she received.

Ms. Song also fails to allege an injury because she received what she paid for: an item with "2-day delivery." Compl. ¶ 15. Under the CPA, a plaintiff must allege an "injury" to their "business or property." *Panag*, 166 Wn.2d at 37. There may be such an injury if the plaintiff bought a product that was "different and/or worth less than what was advertised." *Montes v. Sparc Grp., LLC*, No. 2:22-CV-0201-TOR, 2023 WL 4140836, at *2 (E.D. Wash. June 22, 2023), *appeal docketed*, No. 23-35496 (9th Cir. July 21, 2023). But when a plaintiff fails to allege "that she did not receive the value that she paid for," there is no injury. *Id.* at *3 (dismissing the CPA claim "for failure to plead a cognizable injury" because the plaintiff did "not allege that the [products] were not worth the price she paid" or that she "did not receive the value that she paid for").

Ms. Song asserts that she experienced an "injury" when she "paid more for [Costco's] products" online "than [she] would have paid" in store. Compl. ¶ 40. But Costco explained that "products sold online may have different pricing than the same products sold at your local Costco warehouse . . . due to the shipping and handling fees charged for delivery." *Id.* ¶ 12. The alleged extra cost was for two-day delivery of the online product. Ms. Song's "money" was therefore not "diminished because of [any] unlawful conduct." *Mason v. Mortg. Am., Inc.*, 114 Wn.2d 842, 854 (1990). She paid for—and received—rapid delivery of the toilet paper directly to her home, a service she would not have received for an in-store item. *See* Compl. ¶ 15; *Demopolis v. Galvin*, 57 Wn. App. 47, 54 (1990) (affirming dismissal of CPA claim where "alleged injury [was] insufficient to satisfy the injury element of a private CPA claim").

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**B.    Ms. Song's "alternative" Connecticut Unfair Trade Practices Act claim fails for the same reasons as her CPA claim.**

Ms. Song also fails to allege a viable "alternative" claim under the CUTPA for the same reasons her CPA claim fails.[2] Under the CUTPA, "a plaintiff must establish that the defendant has (1) engaged in unfair methods of competition or unfair or deceptive acts or practices (2) in the conduct of any trade or commerce, (3) resulting in (4) an ascertainable loss of money or property, real or personal, by the plaintiff." *Kent Literary Club of Wesleyan Univ. at Middletown v. Wesleyan Univ.*, 338 Conn. 189, 212 (2021). As with the CPA, the reasonable-consumer standard applies to CUTPA claims, and reliance is required to show causation. *See Smith v. Wells Fargo Bank, N.A.*, 158 F. Supp. 3d 91, 101 (D. Conn. 2016) (explaining that "the court may decide [whether a misrepresentation occurred] as a matter of law if it is clear that no reasonable person would be deceived by defendant's conduct" and "a plaintiff cannot make out a CUTPA claim without alleging that the defendant's actions caused her injury"). Indeed, Judge James L. Robart of this District confirmed the similarity between the statutes when he held there is no "actual conflict" between the CPA and the CUTPA. *DiNardo v. Wow 1 Day Painting, LLC*, No. C16-1600JLR, 2018 WL 513584, at *5 (W.D. Wash. Jan. 23, 2018).

As discussed above, Ms. Song fails to adequately plead an unfair or deceptive practice, causation under a misrepresentation or an omission theory, or an injury (i.e., loss). Those deficiencies are just as fatal to her CUTPA claim as her CPA claim, and the Court should dismiss this "alternative" claim as well. *See Smith*, 158 F. Supp. 3d at 101, 103 (dismissing CUTPA claim

---

[2] "In suits arising under the court's diversity jurisdiction, the court must determine whether to apply the law of the forum state or the law of another state." *DiNardo v. Wow 1 Day Painting, LLC*, No. C16-1600JLR, 2018 WL 513584, at *4 (W.D. Wash. Jan. 23, 2018). "To make this determination, the court applies the choice of law rules of the forum state," and Washington's rules "require the application of Washington law unless there is an actual conflict with another applicable body of law." *Id.* at *4 (cleaned up). Judge James L. Robart of this District previously concluded that, after comparing the CPA and the CUTPA, "there is no 'actual conflict' between Connecticut and Washington law" and thus the CPA should apply. *Id.* at *5. At this point, however, because Ms. Song's CPA and "alternative" CUTPA claims must both be dismissed for the same reasons, the Court need not resolve this issue. *See Zunum Aero, Inc. v. Boeing Co.*, No. C21-0896JLR, 2022 WL 2116678, at *14 n.25 (W.D. Wash. June 13, 2022).

COSTCO'S MOTION TO DISMISS – 15
(No. 2:24-cv-00845-LK)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   for failure to "plead a deceptive act" and that "the deceptive act caused [the consumer's] injury");

2   *Richards v. Direct Energy Servs., LLC*, 915 F.3d 88, 100–01 (2d Cir. 2019) (explaining that "[a]

3   court may determine as a matter of law that an allegedly deceptive representation would not have

4   misled a reasonable consumer" and that "failure to disclose can be deceptive" under the CUTPA

5   "only if, in light of all the circumstances, there is a duty to disclose" (cleaned up)); *Dane v.*

6   *UnitedHealthcare Ins. Co.*, 974 F.3d 183, 190 (2d Cir. 2020) (affirming dismissal for failure to

7   "plausibly allege[] any identifiable loss").

8   **C.      If the Court does not dismiss the Complaint in its entirety, it should dismiss
9           Ms. Song's request for injunctive relief because she lacks Article III standing
            for that relief.**

10          Even if the Court does not dismiss Ms. Song's Complaint entirely, it should still dismiss

11  her claim for injunctive relief. A plaintiff "must [] demonstrate standing" under Article III "to

12  pursue injunctive relief." *Town of Chester v. Laroe Ests., Inc.*, 581 U.S. 433, 439 (2017) (citing

13  *City of Los Angeles v. Lyons*, 461 U.S. 95, 105–06 (1983)). Article III standing in the injunctive-

14  relief context requires a plaintiff to plead facts showing "a real and immediate threat of repeated

15  injury in the future." *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011)

16  (cleaned up).

17          Although Ms. Song seeks injunctive relief, she does not allege that she faces "a real and

18  immediate threat of repeated injury." *Id.*; *see also* Compl. at Prayer for Relief (requesting

19  injunctive relief). To do that, a plaintiff must at least allege either that (1) they "will not" make

20  another "purchase . . . although [they] would like to" or (2) they "might purchase the product in

21  the future" despite the alleged deception. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970

22  (9th Cir. 2018).

23          Ms. Song alleges neither. In fact, she is silent on the issue of future harm. She does not

24  allege, for example, that she intends to make any future purchase from Costco—whether online or

25  in a warehouse. *See Nunez v. Saks Inc.*, 771 F. App'x 401, 402 (9th Cir. 2019) ("Nunez alleges

26  that he may shop at Off Fifth in the future, but he has not alleged any intent to purchase a Saks

COSTCO'S MOTION TO DISMISS – 16
(No. 2:24-cv-00845-LK)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   Fifth Avenue branded product in the future."). And she does not allege that any future purchase

2   may involve a pricing difference like the one she contends previously injured her. On their own,

3   her allegations of *past* harm—that she overpaid $4 for her January 2024 order—are not enough to

4   give her standing to pursue *forward-looking* relief. *See Mayfield v. United States*, 599 F.3d 964,

5   970 (9th Cir. 2010) ("Past exposure to harmful or illegal conduct does not necessarily confer

6   standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects.").

7        Nor can Ms. Song generate Article III standing by relying on potential future injuries to

8   absent class members—especially when no class has yet been certified. *See Hodgers-Durgin v. De*

9   *la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) (en banc) ("Unless the named plaintiffs are

10  themselves entitled to seek injunctive relief, they may not represent a class seeking that relief. Any

11  injury unnamed members of this proposed class may have suffered is simply irrelevant to the

12  question whether the named plaintiffs are entitled to the injunctive relief they seek."); *Blair v.*

13  *Assurance IQ LLC*, No. C23-0016-KKE, 2023 WL 6622415, at *4 (W.D. Wash. Oct. 11, 2023)

14  (explaining that "allegations that a defendant's conduct will subject unnamed class members to the

15  alleged harm is insufficient to establish standing to seek injunctive relief on behalf of the class"

16  (cleaned up)).

17        **D.    Dismissal should be without leave to amend because Ms. Song cannot fix her**
              **defective allegations.**

18
    Dismissal should be without leave to amend because Ms. Song cannot cure the defects in
19
    her Complaint. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) ("When a proposed
20
    amendment would be futile, there is no need to prolong the litigation by permitting further
21
    amendment." (cleaned up)). She cannot allege, for example, that any reasonable consumer would
22
    understand Costco's reminder statement as requiring information above and beyond what the
23
    statement said Costco would provide. She also cannot allege that *her* misunderstanding of the
24
    statement means *Costco* caused her any injury. And she cannot allege that she did not receive the
25

26

COSTCO'S MOTION TO DISMISS – 17
(No. 2:24-cv-00845-LK)

1    two-day delivery for which she paid and that explains the purported price difference. Thus, any

2    attempt at amendment would be futile.

3                                              **V.    CONCLUSION**

4           Because Ms. Song fails to state viable claims under either the CPA or the CUTPA and

5    lacks Article III standing for injunctive relief, Costco respectfully requests that the Court dismiss

6    in full her Complaint without leave to amend.

7                              **VI.    CERTIFICATION OF CONFERRAL**

8           Pursuant to Section V.G of the Court's Standing Order for All Civil Cases, on August 5, 2024,

9    counsel for Costco met and conferred with counsel for Ms. Song regarding this Motion and the

10   bases for dismissal of Ms. Song's Complaint. The conference did not eliminate the need for filing

11   this Motion.

12                                          *        *        *

13          The undersigned certifies that this motion contains 6,434 words, in compliance with the

14   Local Civil Rules.

15

16   Dated: August 8, 2024                    By: _s/ Elvira Castillo_
                                                 Elvira Castillo, WSBA No. 43893
17                                               Mallory Gitt Webster, WSBA No. 50025
                                                 **PERKINS COIE LLP**
18                                               1201 Third Avenue, Suite 4900
                                                 Seattle, Washington 98101-3099
19                                               Telephone: 206.359.8000
                                                 Fax: 206.359.9000
20                                               Email: ECastillo@perkinscoie.com
                                                 Email: MWebster@perkinscoie.com
21
22                                               _Attorneys for Costco Wholesale Corporation_
23
24
25
26

COSTCO'S MOTION TO DISMISS – 18
(No. 2:24-cv-00845-LK)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

168545755