THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNIE SONG, on behalf of herself and all others similarly situated,<br><br>               Plaintiff,<br><br>   v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>               Defendant. | Case No. 2:24-cv-00845-LK<br><br>**COSTCO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>NOTE ON MOTION CALENDAR: October 24, 2024<br><br>ORAL ARGUMENT REQUESTED |

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

**TABLE OF CONTENTS**

2   I.    INTRODUCTION ................................................................................................. 1

3   II.   BACKGROUND ................................................................................................... 3

4         A.    Costco informs customers that Costco Grocery orders are subject to a
                waivable delivery fee and a fulfillment cost that may affect pricing..................... 4

5

6         B.    Costco also informs customers that prices and availability may differ for
                online and in-store items. ..................................................................................... 5

7         C.    Ms. Song purchased toilet paper and other Costco Grocery items online,
                which she received by free 2-Day delivery............................................................ 6

8

9   III.  LEGAL STANDARD............................................................................................. 7

10  IV.   ARGUMENT ........................................................................................................ 8

11        A.    Ms. Song fails to state a claim under the Washington Consumer Protection
                Act because she lacks facts to support multiple elements of her claim. ................ 9

12        B.    Ms. Song's "alternative" CUTPA claim fails for the same reasons as her
                CPA claim. .......................................................................................................... 20

13

14        C.    Dismissal should be without leave to amend because Ms. Song cannot fix
                her defective allegations. ..................................................................................... 21

15  V.    CONCLUSION ................................................................................................... 22

16  VI.   CERTIFICATION OF CONFERRAL ................................................................ 23

17

18

19

20

21

22

23

24

25

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

# TABLE OF AUTHORITIES

2

**CASES**

3

*Ashcroft v. Iqbal*,
4
    556 U.S. 662 (2009)............................................................................................................7

5

*Bautista v. Valero Mktg. & Supply Co.*,
6
    No. 15:cv-05557-RS, 2016 WL 3924117 (N.D. Cal. July 21, 2016) ....................................19

7

*Beagle v. Amazon.com, Inc.*,
    No. C24-0316JLR, 2024 WL 4028290 (W.D. Wash. Sept. 3, 2024) ..............................12, 14

8

*Bell Atl. Corp. v. Twombly*,
9
    550 U.S. 544 (2007).......................................................................................................7, 19

10

*Benanav v. Healthy Paws Pet Ins., LLC*,
    No. C20-421-RSM, 2021 WL 4319447 (W.D. Wash. Sept. 23, 2021) ..................................17

11

12

*Boris v. Wal-Mart Stores, Inc.*,
    35 F. Supp. 3d 1163 (C.D. Cal. 2014) ................................................................................12

13

*Carvalho v. HP, Inc.*,
14
    No. 21-cv-08015-BLF, 2022 WL 2290595 (N.D. Cal. June 24, 2022) ..................................10

15

*Dane v. UnitedHealthcare Ins. Co.*,
    974 F.3d 183 (2d Cir. 2020)...............................................................................................21

16

17

*Deegan v. Windermere Real Estate/Ctr.-Isle, Inc.*,
    197 Wn. App. 875 (2017) ..................................................................................................14

18

19

*Demopolis v. Galvin*,
    57 Wn. App. 47 (1990) ......................................................................................................14

20

*Depot, Inc. v. Caring for Montanans, Inc.*,
21
    915 F.3d 643 (9th Cir. 2019) ...............................................................................................7

22

*DiNardo v. Wow 1 Day Painting, LLC*,
    No. C16-1600JLR, 2018 WL 513584 (W.D. Wash. Jan. 23, 2018) .....................................20

23

*Dixon v. Berns*,
24
    No. C21-0070 RSM, 2021 WL 4948186 (W.D. Wash. Oct. 22, 2021)..................................22

25

*Dussault ex rel. Walker-Van Buren v. Am. Int'l Grp., Inc.*,
    123 Wn. App. 863 (2004) ..................................................................................................19

26

COSTCO'S MOTION TO DISMISS – ii
(No. 2:24-cv-00845-LK)

1

2

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016) ........................................................................10

*G.G. v. Valve Corp.*,
    579 F. Supp. 3d 1224 (W.D. Wash. 2022), *aff'd*, No. 22-35105, 2023 WL
    334012 (9th Cir. Jan. 20, 2023) ...................................................15, 16, 18

*Gardner v. Martino*,
    563 F.3d 981 (9th Cir. 2009) ........................................................................21

*Gray v. Amazon.com, Inc.*,
    653 F. Supp. 3d 847 (W.D. Wash. 2023).................................................7, 17

*Haywood v. Amazon.com, Inc.*,
    No. 2:22-cv-01094-JHC, 2023 WL 4585362 (W.D. Wash. July 18, 2023) ............13

*In re Amazon Serv. Fee Litig.*,
    No. 2:22-cv-00743-TL, 2024 WL 3460939 (W.D. Wash. July 18, 2024)............16

*Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*,
    162 Wn.2d 59 (2007) .............................................................................15, 18

*Kent Literary Club of Wesleyan Univ. at Middletown v. Wesleyan Univ.*,
    338 Conn. 189 (2021) ...................................................................................20

*Maple v. Costco Wholesale Corp.*,
    649 F. App'x 570 (9th Cir. 2016) ..................................................................16

*Martinez-Castro v. Bennett*,
    No. 2:23-cv-256, 2024 WL 3460938 (W.D. Wash. July 17, 2024)..................21

*Mason v. Mortg. Am., Inc.*,
    114 Wn.2d 842 (1990) ..................................................................................14

*Montes v. Sparc Grp., LLC*,
    No. 2:22-CV-0201-TOR, 2023 WL 4140836 (E.D. Wash. June 22, 2023),
    *appeal docketed*, No. 23-35496 (9th Cir. July 21, 2023)........................13, 14

*Moore v. Trader Joe's Co.*,
    4 F.4th 874 (9th Cir. 2021) ...............................................................10, 11, 22

*Panag v. Farmers Ins. Co. of Wash.*,
    166 Wn.2d 27 (2009) ..........................................................................9, 13, 14

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COSTCO'S MOTION TO DISMISS – iii
(No. 2:24-cv-00845-LK)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Reverse Now VII, LLC v. Or. Mut. Ins. Co.*,
  341 F. Supp. 3d 1233 (W.D. Wash. 2018)...........................................................................18

*Richards v. Direct Energy Servs., LLC*,
  915 F.3d 88 (2d Cir. 2019)..................................................................................................21

*Robinson v. Avis Rent a Car Sys., Inc.*,
  106 Wn. App. 104, *rev. denied*, 145 Wn.2d 1004 (2001)......................................................15

*Rush v. Blackburn*,
  190 Wn. App. 945 (2015) ...............................................................................................9, 12

*Rydman v. Champion Petfoods USA, Inc.*,
  No. C18-1578 TSZ, 2023 WL 3506133 (W.D. Wash. May 17, 2023).........................9, 14, 15

*Schiff v. Liberty Mut. Fire Ins. Co.*,
  2 Wn.3d 762, 772 (2024) ......................................................................................................9

*Shivkov v. Artex Risk Sols., Inc.*,
  974 F.3d 1051, 1063 (9th Cir. 2020) ...................................................................................11

*Smith v. Wells Fargo Bank, N.A.*,
  158 F. Supp. 3d 91 (D. Conn. 2016)...............................................................................20, 21

*Sorrell v. Eagle Healthcare, Inc.*,
  110 Wn. App. 290 (2002) ......................................................................................................9

*Taylor v. Amazon.com, Inc.*,
  No. 2:24-cv-00169-MJP, 2024 WL 3326430 (W.D. Wash. July 8, 2024) .................12, 17, 19

*Taylor v. Bob O'Connor Ford, Inc.*,
  No. 97 C 0720, 1998 WL 177689 (N.D. Ill. Apr. 13, 1998)...................................................19

*Thomas v. Costco Wholesale Corp.*,
  No. 21-55335, 2022 WL 636637 (9th Cir. Mar. 4, 2022).........................................11, 12, 21

*Thorley v. Nowlin*,
  29 Wn. App. 2d 610 (2024) .................................................................................................19

*Young v. Toyota Motor Sales, U.S.A.*,
  196 Wn.2d 310 (2020) .........................................................................................................15

*Young v. Toyota Motor Sales, U.S.A.*,
  9 Wn. App. 2d 26, 34 (2019), *aff'd*, 196 Wn.2d 310 (2020) ..........................................18, 19

COSTCO'S MOTION TO DISMISS – iv
(No. 2:24-cv-00845-LK)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

*Zunum Aero, Inc. v. Boeing Co.*,
   No. C21-0896JLR, 2022 WL 2116678 (W.D. Wash. June 13, 2022) ...................................20

**STATUTES**

RCW 19.86.920 .................................................................................................................12

**RULES**

Federal Rule of Civil Procedure 9(b) ...........................................................................7, 8

Federal Rule of Civil Procedure 12(b)(6) .......................................................7, 12, 17, 19

COSTCO'S MOTION TO DISMISS – v
(No. 2:24-cv-00845-LK)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## I.   INTRODUCTION

Plaintiff Annie Song's theories about allegedly deceptive pricing for grocery items purchased on Costco's website keep shifting. She purchased toilet paper for $33.49 from Costco Grocery for 2-Day delivery to her home. She originally alleged a "deceptive" $4.00 "markup" on the toilet paper because Costco did not remind her on the webpage that it "may be available" at a warehouse for a "lower, non-delivered price." As Costco explained in its initial motion to dismiss, that reminder would not have told her that she could *actually* buy it for less at *her* local warehouse—it only would have told her of the *potential* availability of the item at an *unspecified* lower, non-delivered price at *some* warehouse. There was no deception about the online price of the product for which she willingly paid or whether it was available in her store; there was only Ms. Song's unreasonable interpretation of the reminder statement.

Instead of responding to Costco's motion, Ms. Song amended her complaint and now advances a completely new theory: that Costco "surreptitiously" included the waived 2-Day delivery fee in the $33.49 price of the toilet paper. That theory is just as far off base as the original. Customers can buy non-perishable grocery and household items for 2-Day delivery through the Grocery page on Costco's website. Costco tells all customers that 2-Day orders through the Grocery page are subject to two *separate* fees: (1) a delivery fee that will be waived for orders over $75 *and* (2) a pick-and-pack fulfillment cost that is incorporated into the online price of the item. Ms. Song completely ignores the latter cost—which Costco prominently discloses—and instead erroneously asserts that 2-Day online prices are higher than warehouse prices because they include the waived delivery fee.

Costco's Grocery disclosures nullify Ms. Song's new theory, and Ms. Song offers nothing but her own speculation to support the idea that the delivery fee is actually included in the online price of Grocery items. Costco discloses that (1) the delivery fee is waived for orders over $75 and (2) the 2-Day price is higher because of pick-and-pack fulfillment. Ms. Song therefore has not

COSTCO'S MOTION TO DISMISS – 1
(No. 2:24-cv-00845-LK)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  plausibly alleged—for either of her theories of price deception—multiple elements of her
2  Washington Consumer Protection Act claim (or, alternatively, a claim under the Connecticut
3  Unfair Trade Practices Act).

4      *First*, Ms. Song does not allege a deceptive or unfair practice. Costco's website explains
5  that the 2-Day delivery fee is *waived* for grocery purchases over $75 and *separate from* the pick-
6  and-pack fulfillment cost that is included in the online price. Given that explanation, no reasonable
7  consumer would believe—as Ms. Song purports to—that Costco includes the delivery fee in the
8  online price for groceries. And even without the explanation, Ms. Song has no reasonable basis for
9  concluding that the waived delivery fee for her Costco Grocery order was somehow "baked" into
10  the online price.

11      The same is true for Ms. Song's original allegations about in-store availability and price
12  differences: Costco generally tells website customers that "not all products sold on Costco.com
13  are available at your local Costco warehouse" and reminds them that "products sold online may
14  have different pricing than the same products sold at your local Costco warehouse." And Costco
15  specifically tells Grocery customers that *all* grocery items "may be available 'In-Warehouse' at a
16  lower non-delivered price." Ex. 1. For all online items, Costco did not promise to disclose *specific*
17  price differences and *specific* availability at *Ms. Song's* local warehouse. A reasonable consumer
18  reading the full reminder statement would have understood Costco never said it would do that.

19      *Second*, Ms. Song fails to allege an injury because she received what she paid for and what
20  Costco explained she would receive: items delivered to her home for free. Her own Complaint
21  confirms that she paid "$ 0.00" in delivery fees, and she was not harmed by paying for an additional
22  fulfillment cost to cover—*as disclosed*—picking and packing her online Grocery purchase.

23      *Third*, Ms. Song fails to allege that Costco caused any purported injury by not providing a
24  reminder about in-store availability and pricing on the individual product page. She does not allege
25  that she relied on Costco's reminder statement when deciding to make her online purchase, let

26  COSTCO'S MOTION TO DISMISS – 2
(No. 2:24-cv-00845-LK)

alone that she even read the statement before filing this lawsuit. Costco also did not cause this claimed injury because, at most, Ms. Song would have known only that the items she purchased *might* have been available for a lower price—not, as she alleges, the actual availability of or the actual in-store price for those items. She also does not allege that knowing about the mere possibility of a lower-cost product in some unspecified store would have changed her purchasing decision.

For these reasons, Costco respectfully requests that the Court dismiss Ms. Song's Complaint without leave to amend. She has already had two attempts to state plausible claims and failed both times.

## II.    BACKGROUND

Customers can "use[] Costco's website . . . to buy non-perishable groceries" for delivery through the Costco Grocery program on Costco.com. First Am. Compl. ("FAC"), Dkt. No. 13 (Aug. 29, 2024) ¶ 14; *see also id.* ¶ 15 (asserting allegations about "the purchasing process" through "Costco Grocery"). The Costco Grocery page also informs customers about delivery options for grocery items purchased online and how items available online may differ in price and availability from items sold in store. *See id.* ¶¶ 14–15.[1] Ms. Song's Complaint[2] mischaracterizes at least two features of the Costco Grocery program: (a) delivery fees for online purchases and (b) differences between online and in-store prices. It is on the basis of those mischaracterizations that she contends Costco violated the CPA (and alternatively, the CUTPA).

---

[1] As Costco's customer service page explains, Costco Grocery orders are distinct from orders for non-grocery items through Costco.com. *See* Declaration of Cori Gordon Moore in Support of Request for Judicial Notice ¶ 4, Ex. 2 ("When checking out, the Costco.com and CostcoGrocery shopping carts are listed separately, so you can easily see which items will be fulfilled by CostcoGrocery and which will be sent through Costco.com.").

[2] For brevity, Costco refers in this Motion to Ms. Song's First Amended Complaint as the "Complaint." *See* Dkt. No. 13.

COSTCO'S MOTION TO DISMISS – 3
(No. 2:24-cv-00845-LK)

**A.    Costco informs customers that Costco Grocery orders are subject to a waivable delivery fee and a fulfillment cost that may affect pricing.**

Ms. Song asserts that "Costco prominently advertises that it will 'waive' the delivery fee on all orders" over $75 but "adds the cost of delivery to the price of many of its online products." *Id.* ¶ 2 (first quotation), ¶ 3 (second quotation). She contends that the purportedly "hidden delivery upcharge makes Costco's representation that consumers are paying '$0.00' for delivery patently false" because "[t]he true delivery costs" are "bak[ed] . . . in with the price of the product." *Id.* ¶ 4; *see also id.* ¶¶ 14–17.

Costco tells customers that Costco Grocery orders are subject to a delivery fee that will be waived for orders over $75. Declaration of Cori Gordon Moore in Support of Request for Judicial Notice ("Moore Decl.") ¶ 2, Ex. 1 ("Ex. 1") at 1; *id.* ¶ 4, Ex. 2 ("Ex. 2") at 1. Costco *also* tells customers that online Grocery item prices include a separate and distinct pick-and-pack fulfillment cost that is *not* waived.[3] Ex. 1 at 1; *see also* Ex. 2 at 2. Costco specifically says that online Grocery prices are "higher" than in "your local warehouse in order to cover the pick and pack fulfillment cost." Ex. 1 at 1. That cost covers a Costco employee picking the Grocery item ordered online from a store shelf and then packing it for delivery to the customer—a cost that is not incurred for an in-store item that a customer picks themselves.

The "pick and pack fulfillment" cost is distinct from the separate delivery fee that may be charged for online orders. As Costco explains to Grocery customers, there is a "*separate* delivery fee" for online orders, which is "used to offset the freight for orders less than $75" and may be waived for Costco Grocery purchases over $75. *Id.*; *see also id.* ("No separate delivery fee with 2-Day orders of $75 or more."). The delivery fee is *in addition to* the pick-and-pack fulfillment cost. *See id.* (explaining that because of delivery fees, "[i]tems may be available In-Warehouse at a

---

[3] Costco requests that the Court consider these website statements because they are incorporated in Ms. Song's Complaint via her references to Costco's statements about fees associated with the Costco Grocery service and are subject to judicial notice. *See* Request for Judicial Notice (Sept. 26, 2024) (filed concurrently with this Motion).

COSTCO'S MOTION TO DISMISS – 4
(No. 2:24-cv-00845-LK)

lower non-delivered price"). These disclosures make clear that the fee for 2-Day delivery of Costco Grocery items is *not* included in an online price—and so they belie Ms. Song's allegation that Grocery "products online often cost much more than in stores, due to the cost of delivery." FAC ¶ 17.

Ex. 1 at 1.



*Id.*

**B.    Costco also informs customers that prices and availability may differ for online and in-store items.**

Ms. Song otherwise alleges that when she placed her Grocery order, an article on the Customer Service page on Costco's website said,

> **Are warehouse and online prices the same?**
>
> As you may already know, not all products sold on Costco.com are available at your local Costco warehouse. Also, products sold online may have different pricing than the same products sold at your local Costco warehouse. That is due to the shipping and handling fees charged for delivery to your home or business. And when an item is

COSTCO'S MOTION TO DISMISS – 5
(No. 2:24-cv-00845-LK)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

2

> available both online and, in the warehouse, you will see the message, "Item may be available in your local warehouse for a lower, non-delivered price," on its product page on Costco.com.

3

FAC ¶ 20.

4

    The article does not mention Costco Grocery which, as outlined above, has separate and

5

clearly disclosed approaches to delivery fees and pick-and-pack fulfillment. Regardless, Ms. Song

6

characterizes the last sentence as a "promise" to tell customers "[w]henever a product is more

7

expensive online than the same product offered for sale in-store." *Id.* ¶ 5. She goes on to allege

8

that Costco "fails to disclose to consumers . . . that they will be paying more for a product sold on

9

Costco.com than if they had purchased the same exact product in-store at their local Costco

10

Warehouse." *Id.* ¶ 6; *see also id.* ¶ 19 (asserting that Costco says "it will disclose to consumers

11

whenever an online product sold on Costco.com is more expensive [than] the same item sold in-

12

store"). Ms. Song does not allege that she read this statement or relied upon it in any way before

13

making any purchase.

14

    **C.    Ms. Song purchased toilet paper and other Costco Grocery items online, which she received by free 2-Day delivery.**

15

    Ms. Song alleges that in January 2024 she "placed an order for 2-day delivery on

16

Costco.com for various non-perishable items" that included "a 30-Roll Count of Charmin Ultra

17

Soft Bath Tissue for $33.49." *Id.* ¶ 25 (first quotation), ¶ 29 (second quotation). She claims that

18

"[n]one of the products [she] purchased in her order included the disclosure that any of the items

19

might be available at her Costco store at a lower price." *Id.* ¶ 27. But, according to the Complaint,

20

the same 30-Roll Count of Charmin Ultra Soft Bath Tissue was available at her local Costco

21

warehouse for $29.99. *Id.* ¶ 30. Ms. Song contends that, if she had "known the true price of the

22

toilet paper sold at her Costco warehouse, she would have purchased the toilet paper in-store

23

instead of purchasing it online." *Id.* ¶ 35.

24

    Ms. Song further alleges that "Costco advertised that it would 'waive' the delivery fee if

25

her order met a certain monetary threshold, which her order exceeded." *Id.* ¶ 31; *see also id.* ¶ 25

26

COSTCO'S MOTION TO DISMISS – 6
(No. 2:24-cv-00845-LK)

1    (alleging that her total order amount was $145.52). She contends that "Costco then confirmed [she]

2    was supposedly receiving free delivery on its check-out page and in the receipt," which shows that

3    the "2-Day Delivery Fee" for her order was "$ 0.00." *Id.* ¶ 32. Despite that confirmation on the

4    receipt, Ms. Song claims that she "paid additional, undisclosed amounts for shipping" and "would

5    not have made the online purchase if she had known that she was not receiving free delivery." *Id.*

6    ¶ 34 (first quotation), ¶ 35 (second quotation).

7        Based on that Costco Grocery order, Ms. Song asserts two theories of alleged consumer

8    deception: (1) that Costco "surreptitiously added delivery costs" to the prices of online items—the

9    delivery-fee theory—and (2) "fail[ing] to disclose to consumers . . . that they will be paying more

10   for a product sold on Costco.com than if they had purchased the same exact product in-store at

11   their local Costco Warehouse"—the in-store availability theory. *Id.* ¶ 3 (first quotation), 6 (second

12   quotation). She asserts a cause of action under the Washington Consumer Protection Act (CPA)

13   and an "alternative" cause of action under the Connecticut Uniform Trade Practices Act (CUTPA).

14   *Id.* ¶¶ 44–69. For the CPA claim, she seeks to represent a nationwide class of Costco customers;

15   for the CUTPA claim, she seeks to represent a subclass of Connecticut customers. *Id.* ¶¶ 44–69.

16   She seeks damages, restitution, and injunctive relief. *Id.* at Prayer for Relief.

17                                   **III.    LEGAL STANDARD**

18       Federal Rule of Civil Procedure 12(b)(6) requires dismissal where a plaintiff fails to "state

19   a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007);

20   *see also* Fed. R. Civ. P. 12(b)(6). Where "the well-pleaded facts do not permit the court to infer

21   more than the mere possibility of misconduct" or support only an "obvious alternative explanation"

22   for the alleged harm, the complaint should be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 682

23   (2009) (cleaned up). "Determining whether a complaint states a plausible claim for relief

24   will . . . be a context-specific task that requires the reviewing court to draw on its judicial

25   experience and common sense." *Id.* at 679.

26   COSTCO'S MOTION TO DISMISS – 7
     (No. 2:24-cv-00845-LK)

Moreover, under Federal Rule of Civil Procedure 9(b), "a party alleging fraud . . . must state with particularity the circumstances constituting fraud," including "the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 668 (9th Cir. 2019) (cleaned up); *see also* Fed. R. Civ. P. 9(b); *Gray v. Amazon.com, Inc.*, 653 F. Supp. 3d 847, 858 (W.D. Wash. 2023) (explaining that "federal courts have concluded that Rule 9(b) applies to CPA claims alleging that the defendant intentionally misled the public" (cleaned up)).

## IV.    ARGUMENT

The Court should dismiss Ms. Song's Complaint because she fails to state a claim under the CPA. She has not alleged facts—let alone with the particularity Rule 9(b) requires—giving rise to a plausible inference of at least three elements of a CPA claim: (1) a deceptive or unfair practice, (2) causation, or (3) injury. *See* FAC ¶ 1 (alleging "misrepresentations and material omissions").

1.    **No deceptive or unfair practice.** At most, Ms. Song pleads that she misinterpreted *twice over* statements about the Costco Grocery service. First, she assumed the 2-Day delivery fee—which has no effect on an item's price—was included in online prices, *even though* Costco clearly disclosed that only the pick-and-pack cost could be included in the price for a Grocery item. Second, she interpreted Costco's reminder statement about *potential* price differences and *potential* availability at *unspecified* warehouses as a promise to disclose *specific* price differences and *specific* availability at *her* local warehouse. These unreasonable interpretations cannot—as a matter of law—show that Costco deceived consumers or acted unfairly.

2.    **No injury.** Ms. Song does not allege an injury because she received exactly what she paid for: items delivered to her home within two days with no delivery fee charged. And to the extent Ms. Song paid a higher price online than she would have had she purchased the toilet paper

COSTCO'S MOTION TO DISMISS – 8
(No. 2:24-cv-00845-LK)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   in store (something Costco does not concede), there is also no injury from Costco doing what it
2   disclosed it would do.

3       3.    **No causation.** As to Ms. Song's in-store availability theory, she does not plead
4   causation because (a) she does not allege that she relied on Costco's reminder statement in
5   deciding to buy toilet paper for delivery and (b) she does not allege that the purported omission of
6   in-store availability and potential price differences between in-store and online items materially
7   affected her purchasing decision.

8       Those shortcomings require dismissal of Ms. Song's CPA claim and "alternative claim"
9   under the CUTPA. *Id.* ¶ 57.

10      **A.    Ms. Song fails to state a claim under the Washington Consumer Protection Act
         because she lacks facts to support multiple elements of her claim.**
11
12      To plead a CPA claim, a plaintiff must allege facts that "(i) the defendant engaged in an
13  unfair or deceptive act or practice; (ii) such act or practice occurred in the conduct of trade or
14  commerce; (iii) such act or practice affected the public interest; (iv) the plaintiff suffered an injury
15  to his or her business or property; and (v) a causal relationship exists between the defendant's act
16  or practice and the plaintiff's injury." *Rydman v. Champion Petfoods USA, Inc.*, No. C18-1578
17  TSZ, 2023 WL 3506133, at *5 (W.D. Wash. May 17, 2023) (citing *Hangman Ridge Training
    Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 785–93 (1986)). "Failure to satisfy even one
18  of the elements is fatal to a CPA claim." *Sorrell v. Eagle Healthcare, Inc.*, 110 Wn. App. 290, 298
19  (2002).
20
21      **1.    Ms. Song fails to allege a deceptive or unfair practice because no reasonable
             consumer would have thought Costco promised to identify specific in-store
             availability and pricing or that Costco actually charged for free delivery.**
22
23      At the outset, Ms. Song fails to plausibly allege that Costco engaged in any deceptive or
24  unfair practice. A practice is "deceptive" under the CPA if it is "likely to mislead a reasonable
25  consumer." *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 50 (2009) (cleaned up). A practice
26  is unfair if it "offends public policy as it has been established by statutes, the common law or

COSTCO'S MOTION TO DISMISS – 9
(No. 2:24-cv-00845-LK)

otherwise"; is "immoral, unethical, oppressive, or unscrupulous"; or "causes substantial injury to consumers." *Rush v. Blackburn*, 190 Wn. App. 945, 962–63 (2015) (cleaned up). "Whether an act or practice qualifies as unfair or deceptive is a question of law." *Schiff v. Liberty Mut. Fire Ins. Co.*, 2 Wn.3d 762, 772 (2024).

**<u>No plausible inference of deception.</u>** "[T]he reasonable consumer standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (cleaned up). "[A] plaintiff's unreasonable assumptions . . . will not suffice," and "dismissal is appropriate where the court determines that the plaintiff's claims are not plausible." *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021) (first quotation); *Carvalho v. HP, Inc.*, No. 21-cv-08015-BLF, 2022 WL 2290595, at *4 (N.D. Cal. June 24, 2022) (second quotation). Here, Ms. Song's claims do not meet the reasonable consumer standard for at least two reasons.

*First*, Ms. Song's delivery-fee theory at most reflects an unreasonable interpretation by Ms. Song, *not* deception by Costco. Ms. Song alleges that "Costco adds the cost of delivery to the price of many of its online products" despite representing that it will "'waive' the delivery fee on all orders" above $75. FAC ¶ 2 (second quotation), ¶ 3 (first quotation). But that allegation is directly contradicted by Costco's statements and actions.

Costco clearly—and repeatedly—explains that it will waive the 2-Day delivery fee for Grocery orders over $75. *See* Ex. 1; Ex. 2. Costco tells customers it will add a separate charge for "pick and pack fulfillment" to the online price for Grocery items such that "[i]tem pricing is higher" online "than your local warehouse." Ex. 1 at 1. And Ms. Song's receipt confirms Costco waived the 2-Day delivery fee on her order because it totaled more than $75. FAC ¶ 32. So, Ms. Song's subjective belief that the delivery fee was somehow added to the prices of the Grocery items she purchased online is patently unreasonable.

COSTCO'S MOTION TO DISMISS – 10
(No. 2:24-cv-00845-LK)

Ms. Song's decision to ignore Costco's statements about the fees and costs associated with the Costco Grocery program does not plausibly show that any reasonable consumer would have been *deceived* by Costco's delivery fees and prices for online Grocery items. *See Moore*, 4 F.4th at 882 (affirming dismissal of deceptive-advertising claims where district court "considered other information readily available to the consumer that could easily resolve the alleged ambiguity"). Ms. Song's own alleged experience—that she in fact paid "$ 0.00" for delivery—also belies this theory of liability. *See* FAC ¶ 32. Simply put, there is nothing deceptive about Costco doing what it said it would do.

*Second*, as to her in-store availability theory, Ms. Song contends that Costco "represented on its website that it would include a message whenever an online product was more expensive than the same in-store item." *Id.* ¶ 26; *see also id.* ¶ 19 (alleging that "Costco promises on its website that it will disclose to consumers whenever an online product sold on Costco.com is more expensive [than] the same item sold in-store at a Costco warehouse location"). Costco *did* do that for 2-Day Grocery orders; it explained that "[i]tem pricing is higher than your local warehouse in order to cover the pick and pack fulfillment cost." Ex. 1 at 1; *see also Shivkov v. Artex Risk Sols., Inc.*, 974 F.3d 1051, 1063 (9th Cir. 2020) ("It is a standard rule of contract interpretation that specific terms control over general ones." (cleaned up)). And beyond that, Costco's reminder statement—as quoted in the Complaint—said that Costco would inform customers when an "[i]tem ***may be available*** in your local warehouse for a lower, ***non-delivered*** price." FAC ¶ 20 (emphasis added). Costco did not represent, as Ms. Song alleges, that it would tell customers (1) when an item was actually available for a lower price; (2) if the item were available for a lower price, what the specific lower price was; or (3) that the item was available for the lower price at a particular warehouse.

COSTCO'S MOTION TO DISMISS – 11
(No. 2:24-cv-00845-LK)

Accordingly, no reasonable consumer would believe that Costco's general reminder about the mere possibility of less expensive in-store items somehow obligated Costco to also disclose the *actual* pricing and *actual* availability in *specific* warehouses.

Ms. Song's speculation about delivery fees and conflation of (a) delivery fees and pick-and-pack costs and (b) potential in-store availability and actual lower in-store prices doesn't show deception; it shows that she formed "unreasonable assumptions" about Costco's disclosures. *Moore*, 4 F.4th at 882. One person's unreasonable assumptions, however, cannot show consumer deception. *See Thomas v. Costco Wholesale Corp.*, No. 21-55335, 2022 WL 636637, at *2 (9th Cir. Mar. 4, 2022) (holding that the plaintiff was "not deceived because of Costco's advertising, but rather [was] confused because of their own unreasonable assumptions"). As the Ninth Circuit recently confirmed, "Costco" need not "anticipate and affirmatively dispel [] shoppers' idiosyncratic assumptions or wholly incorrect interpretations" about the company's statements to avoid a consumer-protection claim. *Id*. The Court should hold the same here.

**No plausible inference of unfairness.** Nor does Ms. Song allege an unfair act under the CPA. Nothing in her Complaint suggests that not identifying in-store availability at a particular location and at a particular lower price "offends public policy" or "causes substantial injury to consumers." *Rush*, 190 Wn. App. at 962–63. And there is nothing unfair about waiving delivery fees but including fulfillment costs in an item's online price after *informing* customers that those costs are included. *See Beagle v. Amazon.com, Inc.*, No. C24-0316JLR, 2024 WL 4028290, at *4 (W.D. Wash. Sept. 3, 2024) (concluding that the plaintiff failed to allege unfairness under the CPA because "all Plaintiffs had to do to avoid the alleged injury was read the terms and conditions and choose not to use [the] services"); RCW 19.86.920 (explaining that the CPA does not prohibit practices that are "reasonable in relation to the development and preservation of business").

Instead, the entire Complaint contains just one conclusory assertion about unfair conduct: that the purported "misrepresentations and omissions were . . . likely to cause substantial injury to

COSTCO'S MOTION TO DISMISS – 12
(No. 2:24-cv-00845-LK)

consumers who paid more for products than they would have paid had they purchased the same products in store instead of online, and who believed they were receiving free or flat delivery." FAC ¶ 51. That bare assertion—which says nothing more than that Ms. Song believes it is inherently unfair to pay more for something online and delivered to her home than in store—cannot support a CPA claim. *See Taylor v. Amazon.com, Inc.*, No. 2:24-cv-00169-MJP, 2024 WL 3326430, at *5 (W.D. Wash. July 8, 2024) (dismissing CPA claim because the "naked recitation" of elements "falls short of the Rule 12(b)(6) standard"); *Boris v. Wal-Mart Stores, Inc.*, 35 F. Supp. 3d 1163, 1171 (C.D. Cal. 2014) ("[P]rice setting is ordinarily left to the business judgment of merchants."), *aff'd*, 649 F. App'x 424 (9th Cir. 2016).

And in any event, Ms. Song's theories ignore that Costco in fact waived her delivery fee (which her Complaint shows), that Costco explained why there might be price differences between online and in-store purchases of Grocery items, that Costco did not promise any specific information about specific in-store availability, *and* that the 2-Day delivery fee for Costco Grocery orders does not change the online price of the grocery item (though the pick-and-pack cost may do that). Ms. Song's assertion about unfairness simply ignores what reasonable consumers understand: they may pay more for the convenience of home delivery—because someone must locate and pick those items from the store shelves and then pack them for delivery—than if the customer buys a product in store and picks the items themselves. *See Haywood v. Amazon.com, Inc.*, No. 2:22-cv-01094-JHC, 2023 WL 4585362, at *7 (W.D. Wash. July 18, 2023) (holding that "exercising a right that . . . is fully disclosed to the parties in advance is not an unfair or deceptive act or practice" under the CPA).

### 2. Ms. Song fails to allege an injury because she received what she paid for: items purchased from Costco Grocery and delivered within two days.

Ms. Song also fails to allege an injury for either of her theories, and this is another—independent—reason her CPA claim should be dismissed. Under the CPA, a plaintiff must allege an "injury" to their "business or property." *Panag*, 166 Wn.2d at 37. There may be such an injury

COSTCO'S MOTION TO DISMISS – 13
(No. 2:24-cv-00845-LK)

1   if the plaintiff bought a product that was "different and/or worth less than what was advertised."

2   *Montes v. Sparc Grp., LLC*, No. 2:22-CV-0201-TOR, 2023 WL 4140836, at *2 (E.D. Wash. June

3   22, 2023), *appeal docketed*, No. 23-35496 (9th Cir. July 21, 2023). But when a plaintiff's

4   allegations fail to show "that she did not receive the value that she paid for," there is no injury. *Id.*

5   at *3 (dismissing the CPA claim "for failure to plead a cognizable injury" because the plaintiff did

6   "not allege that the [products] were not worth the price she paid" or that she "did not receive the

7   value that she paid for").

8       Here, Ms. Song's Complaint confirms that she received what she paid for: various grocery

9   items that were assembled, packed, and delivered to her home with the delivery fee waived. As

10  Costco explained, "products sold online may have different pricing . . . due to the shipping and

11  handling fees charged for delivery," FAC ¶ 20, but for Costco Grocery orders, Costco waives the

12  2-Day delivery fee for orders over $75, *see id.* ¶ 32; Ex. 1 at 1; Ex. 2 at 1. And even if the online

13  prices for those Grocery items were more than they may have been in store, Costco also explained

14  that online Grocery "[i]tem pricing is higher than your local warehouse in order to cover the pick

15  and pack fulfillment cost." Ex. 1 at 1; *see also Beagle*, 2024 WL 4028290, at *4.

16      Ms. Song therefore does not plausibly allege any injury. She received *free* 2-Day delivery;

17  a delivery fee was not "bak[ed]" into the prices for the online items she ordered. FAC ¶ 4. To the

18  extent those items were more expensive than in store, it was because of a pick-and-pack fulfillment

19  cost—which Costco told Ms. Song (and all customers) could mean higher online prices than in

20  store—*not* because of a "surreptitious" fee that decreased the value of the items. *See Montes*, 2023

21  WL 4140836, at *3. To the contrary. The fulfillment cost *added* value by saving Ms. Song from

22  locating and picking multiple individual items and packing the items herself in the warehouse. Ms.

23  Song's "money" was therefore not "diminished" at all, let alone "because of [any] unlawful

24  conduct." *Mason v. Mortg. Am., Inc.*, 114 Wn.2d 842, 854 (1990); *see also Demopolis v. Galvin*,

25

26  COSTCO'S MOTION TO DISMISS – 14
    (No. 2:24-cv-00845-LK)

57 Wn. App. 47, 54 (1990) (affirming dismissal of CPA claim where "alleged injury [was] insufficient to satisfy the injury element of a private CPA claim").

### 3. Ms. Song fails to allege causation as to her in-store availability theory because she did not rely on the relevant statement and any omission was not material.

Finally, Ms. Song does not plausibly allege causation on her theory that Costco purportedly failed to disclose in-store product availability and price differences between online and in-store Grocery items. A plaintiff can base their CPA claim on either an affirmative misrepresentation or an omission. *See Panag*, 166 Wn.2d at 50. An affirmative-misrepresentation claim requires the plaintiff to allege facts showing "a causal link between the misrepresentation and the plaintiff's injury." *Deegan v. Windermere Real Estate/Ctr.-Isle, Inc.*, 197 Wn. App. 875, 885–86 (2017). The plaintiff need not plead that the misrepresentation is material. *See Rydman*, 2023 WL 3506133, at *7 (citing *Young v. Toyota Motor Sales, U.S.A.*, 196 Wn.2d 310, 318 (2020)). By contrast, because causation can be presumed for an omission claim, a plaintiff asserting such a claim must allege facts showing the omission was material. *See id.*

Ms. Song wants it both ways: alleging an affirmative misrepresentation—Costco's statement that it would identify potential price differences—but couching it at times as an omission—Costco's alleged failure to identify those differences. *See, e.g.*, FAC ¶ 1 (alleging "misrepresentations and material omissions regarding its deceptive mark-up of products sold online at Costco.com"), ¶ 5 (alleging that Costco said "it will disclose whenever a product is more expensive online than the same product offered for sale in-store"). Regardless of which path Ms. Song charts, however, she fails to allege causation.[4]

**No plausible inference of causation for misrepresentation claim.** For a misrepresentation claim, "[t]he causation requirement is met where the defendant induced the

---

[4] Ms. Song's delivery-fee theory appears to be alleged only as a misrepresentation, not as an omission. *See* FAC ¶ 1 (referring to Costco's allegedly "untruthful promises to provide free or flat, low-cost delivery").

COSTCO'S MOTION TO DISMISS – 15
(No. 2:24-cv-00845-LK)

1    plaintiff to act or refrain from acting." *Robinson v. Avis Rent a Car Sys., Inc.*, 106 Wn. App. 104,

2    113 (cleaned up), *rev. denied*, 145 Wn.2d 1004 (2001). In other words, "there must be some

3    demonstration of a causal link between the misrepresentation and the plaintiff's injury." *Indoor*

4    *Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 83 (2007). When a

5    plaintiff's theory of causation is that they relied on the alleged misrepresentation, they must also

6    plead facts showing reliance. *See Young*, 196 Wn.2d at 322 (explaining that when the plaintiff's

7    "own causation theory" is that they were injured by relying on a misrepresentation, reliance must

8    be "established"); *G.G. v. Valve Corp.*, 579 F. Supp. 3d 1224, 1233 (W.D. Wash. 2022) (explaining

9    that "a court may require the plaintiff to show reliance where reliance is the plaintiff's own

10    causation theory"), *aff'd*, No. 22-35105, 2023 WL 334012 (9th Cir. Jan. 20, 2023).

11    　　　Ms. Song alleges that "[i]f [she] had known the true price of the toilet paper sold at her

12    Costco warehouse, she would have purchased the toilet paper in-store instead of purchasing it

13    online or would have purchased toilet paper elsewhere." FAC ¶ 35. That's not enough to plead

14    causation for two reasons: (1) Ms. Song does not allege that she ever saw—let alone relied on—

15    Costco's reminder statement about potential in-store availability and price differences and (2) the

16    purported misrepresentation could not have caused the alleged injury—an online purchase of an

17    item Costco allegedly should have told her was $4 less expensive in store.

18    　　　*First*, Ms. Song fails to allege that she relied on *any* statement from Costco before she

19    decided to make her online purchase. In fact, she does not allege she ever saw or knew about the

20    reminder statement before filing this lawsuit—even after amending her Complaint. *See Maple v.*

21    *Costco Wholesale Corp.*, 649 F. App'x 570, 572 (9th Cir. 2016) (affirming dismissal of CPA claim

22    where the plaintiff "has not alleged that he read those parts of the label" allegedly relied on and

23    therefore "cannot establish causation"). She instead alleges only that the statement was "[a]t all

24    relevant times . . . on [Costco's] website" and she would not have made an online purchase had

25    she known she could buy the toilet paper for less at a Costco warehouse. FAC ¶ 26; *see also id.*

26

COSTCO'S MOTION TO DISMISS – 16
(No. 2:24-cv-00845-LK)

¶ 35. Without any allegation that Ms. Song relied on the statement in deciding to make the purchase, though, the only plausible inference is that Ms. Song would have done the same thing regardless of the statement. *See G.G.*, 579 F. Supp. 3d at 1233 (explaining that "[i]f the injury would have occurred regardless of whether the alleged violation existed, causation cannot be established").

Judges in this District routinely dismiss CPA claims for the same reason this Court should dismiss here: a failure to sufficiently allege causation where there is no reliance on a supposedly deceptive statement. The following cases are just a few examples.

- Dismissing CPA claim because the plaintiff's allegations confirmed they "could not have relied on [the allegedly deceptive] ad." *In re Amazon Serv. Fee Litig.*, No. 2:22-cv-00743-TL, 2024 WL 3460939, at *7 (W.D. Wash. July 18, 2024) (Lin, J.).

- Dismissing CPA claim because the "naked recitation of proximate cause falls short of the Rule 12(b)(6) standard" and "Plaintiffs have not alleged that without [the defendant's] alleged deceptive or unfair practices [the] injury complained of would not have happened." *Taylor*, 2024 WL 3326430, at *5 (cleaned up) (Pechman, J.).

- Dismissing CPA claim because "the Complaint contains no allegations that Plaintiffs viewed or heard any of those statements or were otherwise aware of them at the time they purchased their . . . devices or at any time prior to the filing of this lawsuit. Absent such allegations, Plaintiffs cannot establish that, but for [the defendant's] public statements, their injuries would not have occurred." *Gray*, 653 F. Supp. 3d at 859 (Rothstein, J.).

- Dismissing CPA claim because from a "general reference to Healthy Paws' representations . . . [,] the Court cannot discern which of Healthy Paws' specific alleged misrepresentations they were exposed to and/or relied upon when they purchased their policies." *Benanav v. Healthy Paws Pet Ins., LLC*, No. C20-421-RSM, 2021 WL 4319447, at *11 (W.D. Wash. Sept. 23, 2021) (Martinez, C.J.) (cleaned up).

COSTCO'S MOTION TO DISMISS – 17
(No. 2:24-cv-00845-LK)

1    *Second*, the purported in-store-availability misrepresentation—as Ms. Song characterizes

2    it—could not have caused the alleged injury. Ms. Song contends she would not have made her

3    online purchase "[i]f [she] had known the true price of the toilet paper sold at her Costco

4    warehouse." FAC ¶ 35; *see also id.* ¶ 52 ("Had Plaintiff known the truth about Defendant's

5    practices, Plaintiff would not have purchased those items for delivery on Costco's website and

6    would have instead purchased those products in-store at the lower price, or would have purchased

7    them elsewhere."). But she *did* know that "not all products sold on Costco.com are available at

8    your local Costco warehouse" and "products sold online may have different pricing." *Id.* ¶ 20.

9    Costco told her exactly that.

10    And, as explained above, Costco never said that it would tell her "[w]henever" an item was

11    actually available for a lower price or what the specific in-store price was, or which specific

12    warehouses stocked that item. *Id.* ¶ 19. Reminding customers that a lower price "may be available"

13    is a far cry from informing them of those specifics—all of which Costco would have had to promise

14    to provide and then have failed to do so for there to be even a chance of liability under this theory.

15    Moreover, even if Costco had indicated that the toilet paper "*may be* available . . . for a

16    lower, non-delivered price," *id.* ¶ 20 (emphasis added), Ms. Song would not have known "the true

17    price of the toilet paper sold at her Costco warehouse," *id.* ¶ 35. That's because the reminder would

18    not have told her if the toilet paper was even available in her local store, let alone for how much.

19    *See G.G.*, 579 F. Supp. 3d at 1233 ("If the injury would have occurred regardless of whether the

20    alleged violation existed, causation cannot be established."). Without the necessary "causal link

21    between the misrepresentation and [her] injury," Ms. Song has not pleaded a viable

22    misrepresentation claim. *Indoor Billboard/Wash.*, 162 Wn.2d at 83.

23    **No plausible inference of materiality for omission claim**. But even if Ms. Song contends

24    that Costco omitted rather than misrepresented in-store availability and pricing information, the

25    Court should still dismiss because she does not sufficiently allege that the supposed omission was

26    

COSTCO'S MOTION TO DISMISS – 18
(No. 2:24-cv-00845-LK)

1    material. For materiality, "[t]he basic question is whether the act or practice is likely to affect the

2    consumer's conduct or decision with regard to a product or service." *Young v. Toyota Motor Sales,*

3    *U.S.A.*, 9 Wn. App. 2d 26, 34 (2019), *aff'd*, 196 Wn.2d 310 (2020). "If so, the practice is material,

4    and consumer injury is likely, because consumers are likely to have chosen differently but for the

5    deception." *Id.* Materiality "may be decided as a matter of law if reasonable minds could not differ

6    on the question." *Reverse Now VII, LLC v. Or. Mut. Ins. Co.*, 341 F. Supp. 3d 1233, 1237 (W.D.

7    Wash. 2018) (cleaned up).

8        Ms. Song fails to plead materiality because she does not allege that her purchasing decision

9    would have been different if Costco had informed her the toilet paper may have been available at

10   a potentially lower price. *See* FAC ¶ 20. Instead, she alleges she would "have chosen differently"

11   *only* "[i]f [she] had known the true price of the toilet paper sold at her Costco warehouse." *Young*,

12   9 Wn. App. 2d at 34 (first quotation); FAC ¶ 35 (second quotation). But she would not have known

13   that information even if Costco had given the reminder allegedly omitted. To get that information,

14   she would have had to call her local warehouse or go there to check the price.

15       Beyond that off-base attempt at pleading materiality, Ms. Song merely asserts that Costco's

16   omission was "material." FAC ¶¶ 1, 6–7, 9, 18, 22, 50, 64–67. But she does not provide any details

17   explaining how the alleged omission "is likely to affect the consumer's conduct or decision."

18   *Young*, 9 Wn. App. 2d at 34. With only a "naked assertion" about materiality, Ms. Song fails to

19   plausibly state a claim. *Twombly*, 550 U.S. at 557; *see also Taylor*, 2024 WL 3326430, at *5 ("The

20   Court agrees . . . that this naked recitation" regarding causation "falls short of the Rule 12(b)(6)

21   standard.").

22       Moreover, Ms. Song does not allege that Costco had any legal duty—independent of the

23   reminder statement—to disclose different prices charged for different ways of buying an item.

24   That unravels her omission claim because failing to disclose a fact generally supports a consumer-

25   protection claim only when the law imposes a duty to disclose. *See, e.g.*, *Dussault ex rel. Walker-*

26   COSTCO'S MOTION TO DISMISS – 19
     (No. 2:24-cv-00845-LK)

1    *Van Buren v. Am. Int'l Grp., Inc.*, 123 Wn. App. 863, 872 (2004) (explaining that, for a fraud claim

2    based on "silence," there must be "a duty to exercise reasonable care to disclose");[5] *Bautista v.*

3    *Valero Mktg. & Supply Co.*, No. 15:cv-05557-RS, 2016 WL 3924117, at *5 (N.D. Cal. July 21,

4    2016) (violation of California statute requiring disclosure of fees for point-of-sale devices might

5    support cause of action under state unfair-competition law); *Taylor v. Bob O'Connor Ford, Inc.*,

6    No. 97 C 0720, 1998 WL 177689, at *4, *9 (N.D. Ill. Apr. 13, 1998) (failure to disclose price

7    difference supported consumer-protection claim because the alleged misconduct also violated a

8    federal statute). Ms. Song points to no law that would require Costco to inform customers of in-

9    store versus online price differences on particular items.

### B.    Ms. Song's "alternative" CUTPA claim fails for the same reasons as her CPA claim.

11    Ms. Song also fails to allege a viable "alternative" claim under the CUTPA for the same

12    reasons her CPA claim fails.[6] Under the CUTPA, "a plaintiff must establish that the defendant has

13    (1) engaged in unfair methods of competition or unfair or deceptive acts or practices (2) in the

14    conduct of any trade or commerce, (3) resulting in (4) an ascertainable loss of money or property,

15    real or personal, by the plaintiff." *Kent Literary Club of Wesleyan Univ. at Middletown v. Wesleyan*

16    *Univ.*, 338 Conn. 189, 212 (2021). As with the CPA, the reasonable-consumer standard applies to

---

18    [5] Cases in the fraud context are relevant because "Washington courts . . . consider fraud as

19    the common law comparison to the unfair or deceptive act and practice language in the CPA." *Thorley v. Nowlin*, 29 Wn. App. 2d 610, 652 (2024).

20    [6] "In suits arising under the court's diversity jurisdiction, the court must determine whether

21    to apply the law of the forum state or the law of another state." *DiNardo v. Wow 1 Day Painting, LLC*, No. C16-1600JLR, 2018 WL 513584, at *4 (W.D. Wash. Jan. 23, 2018). "To make this

22    determination, the court applies the choice of law rules of the forum state," and Washington's rules "require the application of Washington law unless there is an actual conflict with another

23    applicable body of law." *Id.* at *4 (cleaned up). Judge James L. Robart of this District previously concluded that, after comparing the CPA and CUTPA, "there is no 'actual conflict' between

24    Connecticut and Washington law" and thus the CPA should apply. *Id.* at *5. At this point, however, because Ms. Song's CPA and "alternative" CUTPA claims must both be dismissed for the same

25    reasons, the Court need not resolve this issue. *See Zunum Aero, Inc. v. Boeing Co.*, No. C21-0896JLR, 2022 WL 2116678, at *14 n.25 (W.D. Wash. June 13, 2022).

26    COSTCO'S MOTION TO DISMISS – 20
      (No. 2:24-cv-00845-LK)

1    CUTPA claims, and reliance is required to show causation. *See Smith v. Wells Fargo Bank, N.A.*,

2    158 F. Supp. 3d 91, 101 (D. Conn. 2016) (explaining that "the court may decide [whether a

3    misrepresentation occurred] as a matter of law if it is clear that no reasonable person would be

4    deceived by defendant's conduct" and "a plaintiff cannot make out a CUTPA claim without

5    alleging that the defendant's actions caused her injury"). Indeed, Judge James L. Robart of this

6    District confirmed the similarity between the statutes when he held there is no "actual conflict"

7    between the CPA and the CUTPA. *DiNardo v. Wow 1 Day Painting, LLC*, No. C16-1600JLR,

8    2018 WL 513584, at *5 (W.D. Wash. Jan. 23, 2018).

9    As discussed above, Ms. Song fails to adequately plead an unfair or deceptive practice,

10   causation under a misrepresentation or an omission theory for her in-store-availability claim, or an

11   injury (i.e., loss). Those deficiencies are just as fatal to her CUTPA claim as her CPA claim, and

12   the Court should dismiss this "alternative" claim as well. *See Smith*, 158 F. Supp. 3d at 101, 103

13   (dismissing CUTPA claim for failure to "plead a deceptive act" and that "the deceptive act caused

14   [the consumer's] injury"); *Richards v. Direct Energy Servs., LLC*, 915 F.3d 88, 100–01 (2d Cir.

15   2019) (explaining that "[a] court may determine as a matter of law that an allegedly deceptive

16   representation would not have misled a reasonable consumer" and that "failure to disclose can be

17   deceptive" under the CUTPA "only if, in light of all the circumstances, there is a duty to disclose"

18   (cleaned up)); *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 190 (2d Cir. 2020) (affirming

19   dismissal for failure to "plausibly allege[] any identifiable loss").

## C. Dismissal should be without leave to amend because Ms. Song cannot fix her defective allegations.

Dismissal should be without leave to amend because Ms. Song cannot cure the defects in

her Complaint. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) ("When a proposed

amendment would be futile, there is no need to prolong the litigation by permitting further

amendment." (cleaned up)). Indeed, her failure to do so with *this* amendment amply demonstrates

the futility in further modifications.

COSTCO'S MOTION TO DISMISS – 21
(No. 2:24-cv-00845-LK)

As to Ms. Song's original in-store availability theory, she attempted to fix the problems in her first complaint by amending in response to Costco's initial motion to dismiss. As explained above, however, those problems have not been—and cannot be—fixed. Ms. Song cannot allege, for example, that any reasonable consumer would understand Costco's reminder statement as requiring information beyond what the statement said Costco would provide. She also cannot allege that *her* misunderstanding of the statements on Costco's website means *Costco* caused her any injury. Given her inability to cure these defects, the Court should not "give [Ms. Song] another bite at the apple." *Martinez-Castro v. Bennett*, No. 2:23-cv-256, 2024 WL 3460938, at *2 (W.D. Wash. July 17, 2024).

As to Ms. Song's new allegations about the 2-Day delivery fee, Costco's disclosures conclusively disprove Ms. Song's theory of liability because Costco explained that fee was *separate* from the pick-and-pack cost that could increase an online item's price. *See Moore*, 4 F.4th at 882 (affirming dismissal "as a matter of law" where "other available information . . . would quickly dissuade a reasonable consumer from [the plaintiff's erroneous] belief"). Nothing Ms. Song could allege would change that explanation, and so any amendment as to this new theory would also be futile. *Dixon v. Berns*, No. C21-0070 RSM, 2021 WL 4948186, at *2 (W.D. Wash. Oct. 22, 2021) ("Because Plaintiff's claims are barred as a matter of law, amendment would be futile. Dismissal without leave to amend is therefore proper."). That Ms. Song has alleged no facts in the first place from which the Court can infer that the delivery fee was included in the online price of the toilet paper (or any other item) only reinforces the futility of this theory.

## V.    CONCLUSION

Because Ms. Song fails to state viable claims under either the CPA or CUTPA, Costco respectfully requests that the Court dismiss the Complaint without leave to amend.

COSTCO'S MOTION TO DISMISS – 22
(No. 2:24-cv-00845-LK)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## VI.    CERTIFICATION OF CONFERRAL

Pursuant to Section V.G of the Court's Standing Order for All Civil Cases, on September 23, 2024, counsel for Costco met and conferred with counsel for Ms. Song regarding this Motion and the bases for dismissal of Ms. Song's First Amended Complaint. The conference did not eliminate the need for filing this Motion.

*        *        *

The undersigned certifies that this motion contains 7,829 words, in compliance with the Local Civil Rules.

Dated: September 26, 2024

By: *s/ Elvira Castillo*
Elvira Castillo, WSBA No. 43893
Mallory Gitt Webster, WSBA No. 50025
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Fax: 206.359.9000
Email: ECastillo@perkinscoie.com
Email: MWebster@perkinscoie.com

*Attorneys for Costco Wholesale Corporation*

COSTCO'S MOTION TO DISMISS – 23
(No. 2:24-cv-00845-LK)

169048099